RICHARDSON v. STATE.

Opinion delivered October 1, 1906.

1. WITNESS—LIMIT OF CROSS-EXAMINATION.—As the control of the examination of witnesses is committed to the sound judicial discretion of the trial judge, where it appears that the matter of inquiry was fully developed, and the subject was clearly before the jury, it was not an abuse of the court's discretion to terminate the cross-examination of a witness. (Page 202.)

2. TRIAL—REFUSAL OF ADDITIONAL INSTRUCTIONS.—Where the instructions given covered every phase of the case proper to be sent to the jury, it was not error to refuse additional instructions asked by appellant, even if every one of them was correct. (Page 203.)

3. SAME—ORAL INSTRUCTIONS.—If a direction to the jury as to the form of the verdict in case of acquittal be an instruction within the constitutional requirement that the judges "shall reduce their charge or instructions to writing, on the request of either party," an oral direction was not error if there was no request for written instructions. (Page 203.)

4. SAME.—The error of giving an oral instruction to the jury is not ground for reversal if it affirmatively appears to have been harmless. (Page 203.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*T. Havis Nixon* and *H. K. Toney,* for appellant.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

HILL, C. J. There has been unusual and unnecessary delay in perfecting the appeal in this case; the responsibility for which is shouldered by the court stenographer.

The evidence on part of the State shows that appellant shot James McBeth from the rear while he was walking with bowed head along a public road, evidently oblivious of the presence of appellant. The shot was fatal. This testimony comes from apparently disinterested eyewitnesses, whose evidence reads as if given intelligently and without bias or favor. It is true that another version is given by appellant and supported by his companion at the time, one Berry; but the jury has rejected it, and found him guilty of murder in the second degree, and assessed his punishment at ten years in the penitentiary. The State's evidence is amply sufficient to have sustained a graver grade of murder, and there is no merit in the assignment of error that the verdict is not supported by the evidence.

Appellant's attorney cross-examined one of the State's witnesses, a woman, fully and exhaustively as to a former statement regarding the posture of McBeth when he fell. The State's attorney objected to further examination, and the objection was sustained, and to this ruling error is assigned. The control of the examination of witnesses is committed to the sound judicial discretion of the trial judge, and his rulings thereupon are not reversible, except in case of abuse of this discretion. There must be a limit to proper cross-examination; and when it appears that

the matter of inquiry is fully developed, and the subject clearly before the jury, it is not only the right, but the duty, of the trial judge to terminate it. Such was the case here, and there was no error in it.

Exceptions are noted to two instructions and to the refusal of the court to give fifteen instructions asked by appellant. The instructions contained nothing new, and no departure from established precedents is pointed out or discovered. The instructions given covered every phase of the case proper to be sent to the jury, and there was no error in refusing additional ones requested by appellant, even if every one of them was correct.

After the jury was instructed the court gave them in writing forms of verdict applicable to each degree of murder, and orally gave them the form of verdict in case of acquittal. The motion for new trial assigns error in this, but no request for written instructions is shown of record, and no exception to the oral direction as to form of verdict was noted at the time. This precludes consideration of it here, even if these directions as to form of verdict be treated as part of the instructions which may be required to be in writing by sec. 23, art. 7, Const. Counsel excuse their failure to except by the fact that they did not know until after verdict that this direction was not in writing. The record shows they were within a few feet of the judge when he gave these instructions. If there was error, it affirmatively appears to have been harmless, and, as indicated in *Arnold* v. *State,* 71 Ark. 367, then an oral instruction is not cause for reversal, even when the request for written instructions is made.

The judgment is affirmed.