Jeff Edward HIGNITE v. STATE of Arkansas

CR 79-41                                    581 S.W. 2d 552

Opinion delivered June 4, 1979
(Division I)

*W. R. Riddell,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Hignite was convicted of rape and was sentenced to imprisonment for 22 years. His three points for reversal all relate to the voluntariness of his statements to the investigating officers.

At a *Denno* hearing outside the presence of the jury three officers testified. Their testimony was to the effect that Hignite's Miranda rights were explained to him, that he appeared to understand the explanations, and that no force or threats were used during the interrogation. There was also a written statement by a State Hospital psychiatrist to the effect that Hignite had been examined and found to be without psychosis, to have mild mental retardation, and to

have the mental capacity to understand the proceedings against him and to assist effectively in his own defense. On the other hand Dr. Tuft, a psychologist testifying for the accused, was of the opinion that Hignite could understand the proceedings against him, but owing to his mental retardation did not have the capacity to understand his Miranda rights to the extent of being able to protect his own interest (as by refusing to make a statement or by requesting the assistance of counsel).

At the end of the *Denno* hearing the trial judge found the accused's statements to the officers to have been voluntary. When trial before the jury was resumed, there was additional testimony that might have a bearing upon whether the statements were voluntary. Hignite himself testified that in school he had been moved along up to the seventh grade, but he actually made all F's and never passed any grade. He said he can read only words of two or three letters. He said that he did not understand his rights when the officers explained them, adding "I do know what it means now." The State, in rebuttal, called a State Hospital psychiatrist, who testified that despite Hignite's mild mental retardation he could understand his rights and assist his counsel.

First, it is argued that in reviewing the trial judge's *Denno* determination that the statements were voluntary we should not consider the rebuttal testimony of the State psychiatrist, because it was not introduced at the *Denno* hearing. We have held, however, that in reviewing the voluntariness of a statement or confession we make an independent determination based upon our consideration of "the entire record." *Tucker* v. *State*, 261 Ark. 505, 549 S.W. 2d 285 (1977); *Watson* v. *State*, 255 Ark. 631, 501 S.W. 2d 609 (1973). That rule is sound. At the *Denno* hearing the State's burden is to make a prima facie showing that the statements were voluntarily made, but the whole case need not be tried in chambers, even though other testimony may also be relevant to the question of voluntariness. See *Kagebein* v. *State*, 254 Ark. 904, 496 S.W. 2d 534 (1973). On appeal, however, we review the entire record. If we then find, for example, that later testimony before the jury shows that the statements were not voluntary, and the point was properly raised below, we rule them to be inadmissible, even though the trial judge found to the contrary at the *Denno*

hearing. On the other hand, if the later testimony shows beyond question that the statements were voluntary, any error in the trial judge's original ruling would not be prejudicial; so we would not order a new trial, since the confession heard by the jury was actually admissible.

The appellant's second and third arguments are that the statements made by him should be held to be involuntary both upon the record made at the *Denno* hearing and upon the entire record in the case. We do not agree with either contention. At the *Denno* hearing the court had before it the written findings made at the State Hospital and the testimony of three officers, who explained that the statements were voluntarily made. We cannot say that Dr. Tuft's opinion outweighs the proof introduced by the State; so the trial judge's finding tha the statements were admissible is not clearly against the preponderance of the evidence. We reach the same conclusion in reviewing the entire record, because much of the substance of Hignite's own testimony had already been given in Dr. Tuft's testimony.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.