Donald A. McCORKLE *v.* STATE of Arkansas

CR 80-127                                                607 S.W. 2d 655
Supreme Court of Arkansas
Opinion delivered October 13, 1980
As amended on denial of rehearing December 8, 1980

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

Frank Holt, Justice. Upon finding appellant guilty of kidnapping his estranged wife, a jury assessed his punishment at fifteen years in the Arkansas Department of Correction and a $15,000 fine.

Appellant rendered his wife unconscious by the application of a towel saturated with ether, bound her hand and foot, placed her in a car, and physically abused and threatened to kill her. Upon his stopping the car a third time, due to her entreaties, she managed to escape. There was evidence that the purpose of the abduction was to persuade the prosecutrix to talk with him about the resolution of their pending divorce action.

Appellant asserts (by present counsel) that the court erred in limiting evidence of the pending divorce between them. Appellant argues that the nature of their divorce proceeding was a critical issue which affected her credibility. Therefore,

any limit on the cross-examination of her concerning their marriage and resulting divorce action was prejudicial error inasmuch as it constituted relevant evidence as defined by Ark. Stat. Ann. § 28-1001, Rule 401 (Repl. 1979).

The general rule is that a cross-examiner is given wide latitude and cannot be unduly restricted in eliciting facts which affect a witness' credibility. *Gustafson* v. *State*, 267 Ark. 830, 590 S.W. 2d 853 (1979). It is not an abuse of discretion to interfere with or limit cross-examination of a witness when it appears the matter has sufficiently been developed and clearly presented to the jury. *Richardson* v. *State*, 80 Ark. 201, 96 S.W. 752 (1906). Here appellant was permitted to ask his estranged wife on cross-examination if she ever told a friend she would drop the matter if appellant would agree to give her a divorce and all his property. This she denied. On recross he was allowed to ask her about the personal property she had taken when she left appellant on several occasions. She denied knowledge of a letter from her attorney stating her demands for settlement in the divorce. She could not say what the total amount of money was that she took each time she left appellant. Apparently, counsel acquiesced with the court's statement that the jury knew or was aware of her interest in the case. In our view sufficient inquiry about the pending divorce action, on cross-examination, was permitted on relevant matters which affected her credibility. Therefore, there was no abuse of discretion. Neither do we agree that the court unduly restricted appellant's testimony as to the couple's marital difficulties. He was permitted to testify that he had obtained his first divorce at his present wife's insistence, and the three times she had left him during their five years marriage she had taken a total of $35,000.

Appellant next contends that the trial court erred in permitting a deputy prosecuting attorney to testify on rebuttal. He argues his testimony was not proper rebuttal evidence, and further, the witness had not been placed under the rule or sequestered as required by § 28-1001, Rule 615. On cross-examination by the state, appellant testified that, during the time of their marital troubles, he went to a dance studio to find out when his wife took lessons. He denied that he had forcibly taken the appointment book at the studio; and he

further denied that when he appeared at the prosecuting attorney's office, upon the incident being reported, he wore a moustache or a wig. The deputy prosecuting attorney, who had interviewed the appellant, was called as a rebuttal witness. According to him appellant came into his office wearing a loose fitting wig and a false moustache.

The discretion of the trial court in refusing the testimony of a rebuttal witness is narrow when the witness had violated the rule of sequestration of witnesses and more readily abused by excluding the testimony than by admitting it. *Woodward* v. *State*, 261 Ark. 895, 553 S.W. 2d 259 (1977), and *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377 (1975). Here the need for the rebuttal testimony did not arise until after appellant testified to his mode of dress. The witness was in the courtroom only briefly and did not hear the appellant testify. There is no contention that the testimony he did hear, a policeman's, was in any way related to the matter about which the deputy testified, nor does it appear from the record. We find no error. Further, it is not error for the state to fail to disclose the name of a rebuttal witness when, as here, the prosecuting attorney cannot anticipate whom he will call on rebuttal until the defense presents its case. *Parker* v. *State*, 268 Ark. 441, 597 S.W. 2d 586 (1980). Neither can we agree, in the circumstances, that appellant has demonstrated prejudicial error in that the court failed to permit him to voir dire the jury at the time this rebuttal witness was presented. We also observe that appellant's broad argument that the witness'. testimony was not proper rebuttal evidence is not supported in the record by such an objection. He only objected to this witness' testimony on the basis he was not sworn prior to trial, the jury was not voir dired with respect to this witness, he was not sequestered as a witness, and as a member of the prosecuting attorney's office the witness might have heard parts of the trial during the proceedings.

Finally, we cannot agree with appellant's argument that permitting the deputy prosecutor to testify on rebuttal is impermissible because of his position in the judicial process. Suffice it to say that no authority is cited to us nor do we know of any which supports this position.

Affirmed.

MAYS, J., not participating.