Cardell HUNES *v.* STATE of Arkansas

CR 81-74                                              623 S.W. 2d 835

Supreme Court of Arkansas
Opinion delivered November 16, 1981

*William R. Simpson, Jr.,* Public Defender, and *Jeff Rosenzweig,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty and assessed his punishment at 50 years on a rape charge, 40 years on an aggravated robbery charge and 40 years each on two counts of kidnapping. For reversal appellant contends that his confession was inadmissible inasmuch as the evidence presented at the Denno hearing was insufficient to establish that he knowingly, voluntarily and intelligently waived his federal fifth and sixth amendment rights. We disagree and affirm.

In appellant's signed confession, he stated that he pulled a gun on the rape victim's husband in a parking lot about 1:30 a.m. and forced him to drive them to the victim's home. When they arrived appellant, at gunpoint, ordered the rape victim to gag her husband and eldest boy with some socks. He then shut them in the bathroom while he raped the victim twice. Afterwards, the family was forced into their car with appellant driving. At one point when the car stopped,

the husband attempted to wrestle the gun away from the appellant. During the struggle, the rape victim escaped from the car. The appellant broke away from her [the victim's] husband and chased her. Appellant and the victim were walking along a highway when he was apprehended.

The testimony of the victims, who identified the appellant at trial, corresponded with the appellant's admissions. Additionally, they established that he had robbed the rape victim of some rings and money. The criminal episode covered a period of time from approximately 1:30 a.m. to 5:30 a.m. when appellant was apprehended. He was in custody approximately 1½ hours when he signed the questioned confession.

Appellant argues that the "totality of the circumstances, i.e., age, drug use, lack of education, fatigue, absence of counsel, and lack of memory," rendered his confession involuntary. At the Denno hearing appellant testified that he was 16½ years old at the time of the alleged offenses; he quit school in the 6th grade and could read and write "a little bit"; he took three "ludes" or quaaludes early in the afternoon of the day preceding the alleged criminal episode; and he remembered nothing that happened afterwards including the alleged offenses, being in jail, nor making the questioned statement. Appellant denied the signature on the confession as being his. He admitted that within the past year he had had a previous felony conviction and was represented by counsel. The state hospital report indicated appellant had a history of drug abuse.

The state, in support of its position that appellant's statement was free and voluntary, adduced evidence that the appellant was apprehended about 5:30 a.m.; the interrogating officer read to the appellant a written form about 6:30 a.m. which advised him of his Miranda rights; appellant refused to sign the rights form and, also, the services of an attorney. However, appellant told the officer he understood his rights and would tell him what happened. The officer again advised him of his rights. After hearing appellant's narration of the events, the officer reduced appellant's oral statement to writing and read it to him. The appellant reread

the statement, approved the accuracy of it at 7:15 a.m., initialed it in two places and signed the first and last page. A deputy prosecuting attorney corroborated this testimony. She also testified that at her suggestion she called appellant's mother and informed her of his arrest. The parent did not appear. Appellant refused his right to the presence of counsel, although she specifically asked the appellant if he wanted to call a lawyer. These officers testified that they did not detect any indication of the use of any intoxicants or drugs and there was nothing unusual about appellant's actions, appearance or the manner in which he responded. Further, no threats nor promises were made to him.

It is well settled that before a confession can be admitted into evidence, the state must make a *prima facie* showing that the accused knowingly, voluntarily, and intelligently waived his right to remain silent. *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); and *Hignite* v. *State*, 265 Ark. 866, 581 S.W. 2d 552 (1979). On appeal we are required to review the evidence and make an independent determination of the issue of voluntariness. *Davis* v. *North Carolina*, 384 U.S. 737 (1969); *Harvey* v. *State*, 272 Ark. 19, 611 S.W. 2d 762 (1981); and *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974). In *Degler* we held that, based upon a review of the totality of the circumstances, "the trial judge's finding of voluntariness will not be set aside unless it is clearly against the preponderance of the evidence . . . . "

Appellant's youth, 16½ years of age, although a factor, is not a sufficient reason to exclude a confession. *Leonard* v. *State*, 269 Ark. 146, 599 S.W. 2d 138 (1980); and *Rouw* v. *State*, 265 Ark. 797, 581 S.W. 2d 313 (1979). Here, appellant was in custody approximately 1½ hours before making the confession. Essentially, he argues that he was unable, because of taking "3 ludes" about 15 hours previously, to remember any of the events surrounding the alleged offenses, being questioned, or signing the confession. The state's evidence was that he appeared to be lucid and understood his rights. It was for the trial court to weigh the evidence and resolve the credibility of the witnesses. *Wright* v. *State*, 267 Ark. 264, 590 S.W. 2d 15 (1979); and *Harvey* v. *State, supra.* Here, we hold that the trial court's ruling that

the confession was voluntarily given is not clearly against the preponderance of the evidence.

Affirmed.