David Lee ALLEN *v.* STATE of Arkansas

CR 82-100                                      641 S.W.2d 710

Supreme Court of Arkansas
Opinion delivered November 15, 1982

*Thomas G. Montgomery,* Crittenden County Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. On the night of October 20, 1981, Linda Smith was employed as the sole attendant of the Nic-Nac convenience store in West Memphis. Miss Smith's attention was riveted on a woman who entered the store and appeared to be drunk. Suddenly a man with a gun loomed and told Miss Smith it was a hold-up. The woman immediately shoved Miss Smith to the cash register and took the money. The man then shot Miss Smith in the chest; she brought her arm up to her chest and he shot her in the arm; she turned and he shot her twice in the back. The robbers fled, Miss Smith called the police, asked for help and accurately described both of the robbers. On October 26, 1981, a warrant was issued for the arrest of Dorothy Gatewood who confessed two days later. Upon confessing, she stated that the appellant, David Lee Allen, was the man who had been with her at the robbery and was the one who had shot Miss Smith. She signed an affidavit implicating appellant. The police officials immediately gave their information and the affidavit to the deputy prosecuting attorney who, in turn, filed an information in municipal court charging appellant with the crimes of aggravated robbery, battery in the first degree and felon in possession of a firearm. The clerk of the municipal court issued a warrant for the arrest of appellant who was arrested at 3:20 that afternoon and was given a valid Miranda warning at 4:20 p.m. Appellant confessed to his part in the crimes and the interview was concluded by 5:10 p.m. Linda Smith positively identified appellant as the one who robbed and shot

her. Appellant was found guilty on all three charges. He was sentenced to life imprisonment on the aggravated robbery conviction. Jurisdiction is in this court pursuant to Rule 29 (1) (b). We reverse and remand for a new trial because prejudicial error was committed.

Appellant contends that the trial court erred in excluding the rebuttal testimony of a defense investigator, Martin Klindworth. We agree. Appellant had invoked the rule pursuant to Unif. R. Evid. 615, Ark. Stat. Ann. § 28-1001 (Repl. 1979), yet this witness had remained in the courtroom during most of the trial.

Appellant's purpose in calling Klindworth was to rebut the following testimony: Dorothy Jean Gatewood, the accomplice of appellant and a State's witness, testified on cross-examination that she had talked with Martin Klindworth. She denied, however, telling him that she had made an agreement in exchange for her testimony. In addition, she denied having told the investigator that she heard unusual noises in the interrogation room when she was present when appellant was brought in for questioning. Klindworth's proffered testimony goes to the credibility and bias of witness Gatewood as Klindworth would have testified that in a prior statement she said an agreement had been reached with the prosecutor by which she would not have to stand trial if she testified against appellant. He also would have testified that she had previously stated she heard unusual noises during the interrogation of appellant.

The State argues that the proffered evidence was sought to impeach Gatewood on a collateral matter and therefore was not admissible. However, the first part of the proffer concerning an agreement to testify goes to possible bias and the bias of a witness is not a collateral matter. Bias may be inquired into on cross-examination and may be proven extrinsically. *Goodwin* v. *State,* 263 Ark. 856, 568 S.W.2d 3 (1978). *See generally,* McCormick's Evidence § 36 (1972 ed.).

The real issue is whether the witness' testimony should have been excluded for violation of the rule. In *Williams* v.

*State,* 258 Ark. 207, 523 S.W.2d 377 (1975), our law was clearly set out as follows:

> The rule consistently applied by this court is that a violation by a witness of the rule of sequestration of witnesses, through no fault of, or complicity with, the party calling him, should go to the credibility, rather than the competency of the witness. *Harris* v. *State,* 171 Ark. 658, 285 S.W. 367; *Hellems* v. *State,* 22 Ark. 207; *Golden* v. *State,* 19 Ark. 590; *Pleasant* v. *State,* 15 Ark. 624. The power to exclude the testimony of a witness who has violated the rule should be rarely exercised. We have been unable to find any case in which this court has sustained the action of a trial court excluding the testimony of such a witness. While the witness is subject to punishment for contempt and the adverse party is free, in argument to the jury, to raise an issue as to his credibility by reason of his conduct, the party, who is innocent of the rule's violation, should not ordinarily be deprived of his testimony. *Harris* v. *State,* supra; *Aden* v. *State,* 237 Ark. 789, 376 S.W.2d 277; *Mobley* v. *State,* 251 Ark. 443, 473 S.W.2d 176.

> Although the trial court has some discretion in the matter, its discretion is very narrow and more readily abused by exclusion of the testimony than by admitting it. *Harris* v. *State, supra.* It has even been held that failure to make a formal proffer of the testimony of a witness excluded upon no basis other than his violation of a sequestration order, without the knowledge, procurement or consent of defendant or defense counsel cannot be used to deprive the accused of his constitutional right to compulsory attendance of witnesses in his behalf. See *Braswell* v. *Wainwright,* 463 F.2d 1148 (5 Cir., 1972). See Art. 2 § 10, Constitution of Arkansas.

We have frequently expressly reaffirmed *Williams, supra,* a 1975 case. *Norris* v. *State,* 259 Ark. 755, 536 S.W.2d 298 (1976); *Woodard* v. *State,* 261 Ark. 895, 553 S.W.2d 259 (1977); *McCorkle* v. *State,* 270 Ark. 679, 607 S.W.2d 655 (1980). Two cases are similar to the case at bar and in both we

reversed. *Norris* v. *State, supra;* and *Mobley* v. *State,* 251 Ark. 448, 473 S.W.2d 176 (1971). The federal courts interpret Federal Rule of Evidence 615 in the same manner. *See* 3 Weinstein's Evidence § 615 [03].

In the case before us the need for witness Klindworth's rebuttal testimony did not arise until Dorothy Gatewood testified late in the trial. Appellant's attorney argues that until that time he did not know that her testimony would be inconsistent with the prior statements she had given Klindworth. The attorney saw no reason to have Klindworth listed as a witness and excluded from the courtroom. There was no connivance between appellant, or his attorney, and the excluded witness. The testimony regarding bias should not have been excluded. We cannot say that it is manifest that appellant was not prejudiced when he was deprived of the excluded testimony. Thus, we must reverse on this point. *Graves* v. *State,* 256 Ark. 117, 505 S.W.2d 748 (1974).

The State also contends that Klindworth's testimony was properly excluded as hearsay. Since the testimony was offered for the purpose of showing that witness Gatewood had made prior inconsistent statements rather than for the truth of the matter asserted, there is no merit in this argument.

Since the case will be remanded we now discuss the other points raised in this appeal which will likely again arise upon retrial.

Appellant contends that the warrant of arrest was technically illegal. Appellant then inductively reasons that since the arrest warrant was illegal, it must follow that the arrest was illegal and that, in turn, tainted the confession to the extent that it is "fruit of the poisonous tree." We agree with the trial court that the confession was admissible in evidence.

Rule 7.1 (c), A.R.Cr.P. provides:

> The clerk of a court or his deputy may, when authorized by the judge of that court, issue an arrest warrant upon the filing of an information or upon

affidavit sworn to by the complainant and approved by the prosecuting attorney. Any such information or affidavit shall be indorsed by the prosecuting attorney approving the issuance of the warrant.

The deputy prosecuting attorney filed an information and the arrest warrant was issued on the basis of the information. The defense filed a motion to suppress contending that the municipal judge had not caused an order to be entered authorizing the clerk to issue arrest warrants upon the filing of an information. The State failed to prove that an order existed but did prove that the municipal judge had authorized the clerk to issue a warrant upon the filing of an information. We do not find it necessary to decide whether the judicial officer must enter an order to authorize this procedure. Nor do we find it necessary to decide whether such authorization must be specifically for each case or whether it can generally be made applicable to all cases filed. The confession in this case was admissible in any event.

The Supreme Court of the United States in *Wong Sun* v. *United States,* 371 U.S. 471 (1963) held that the Fourth Amendment exclusionary rule applies to statements obtained following an illegal arrest the same as it does to illegally seized evidence. However, *Wong Sun* squarely rejected a simple "but for" test that would render inadmissible all statements given after an illegal arrest. *Brown* v. *Illinois,* 422 U.S. 590 (1975), similarly rejected the "but for" test and mandates an evaluation of each case in the light of the policy served by the exclusionary rule, that is, deterring lawless conduct by officers by removing the incentive to disregard those laws.

Here, a warrant of arrest was not constitutionally required. *See e.g., Payton* v. *New York,* 445 U.S. 573 (1980). Probable cause for the arrest clearly existed. Thus, the arrest would have been valid without a warrant. The illegality of the warrant here served no quality of purposefulness. There was no misuse of power to gain the confession. The police gained no advantage by use of the invalid warrant. The police should not be penalized for attempting to afford an unnecessary procedural safeguard to appellant. Therefore

there is no policy reason to apply the exclusionary rule under the Fourth Amendment. We decline to apply the Fourth Amendment exclusionary rule.

Appellant also contends that the confession was admitted in violation of his Fifth Amendment right against self-incrimination. Before a confession can be admitted into evidence, the State must make a *prima facie* showing that the accused knowingly, voluntarily and intelligently waived his right to remain silent. *Miranda* v. *Arizona,* 384 U.S. 436 (1966); *Hignite* v. *State,* 265 Ark. 866, 581 S.W.2d 552 (1979). On appeal we review the evidence and make an independent determination of the issue of voluntariness. *Davis* v. *North Carolina,* 384 U.S. 737 (1966); *Harvey* v. *State,* 272 Ark. 19, 611 S.W.2d 762 (1981). The trial court's determination as to voluntariness will only be set aside where it is clearly against the preponderance of the evidence. *Degler* v. *State,* 257 Ark. 388, 517 S.W.2d 515 (1974). At the Denno hearing the State's proof showed that appellant was advised of his *Miranda* rights and that he knew, understood and accepted those rights. He then signed a waiver of rights form and agreed to talk to the police. The waiver of rights form was admitted into evidence. The appellant gave an oral confession to the police which was not transcribed. The appellant also gave a statement in his own handwriting in which he admitted shooting the victim three times. The handwritten statement was introduced into evidence at the trial. All of the police officers testified that appellant, while making his statement, was not mentally or physically mistreated, nor was he forced or coerced into making a statement and that appellant was not physically abused nor did he ask for an attorney. The testimony was that about 30 minutes elapsed between the execution of the waiver of rights and the actual making of the statement.

The appellant testified that the confession came only after threats, force and intimidation. The State rebutted his testimony with numerous witnesses who had been near the interrogation room and heard no unusual sounds. The trial court was in a superior position to observe the manner and demeanor of the witnesses. It was for the trial court to weigh the evidence and resolve the credibility of the witnesses.

*Hunes* v. *State,* 274 Ark. 268, 623 S.W.2d 835 (1981). The trial court's determination that the confession was voluntarily given is not against the preponderance of the evidence. The trial court ruled correctly on this issue. The confession was admissible in evidence.

There is no merit in appellant's other arguments.

Reversed and remanded.