Jeff BEALER *v.* STATE of Arkansas

CR 93-365                                     862 S.W.2d 259

Supreme Court of Arkansas
Opinion delivered October 4, 1993

*Appellant,* pro se.

No response.

PER CURIAM. On July 20, 1992, the petitioner Jeff Bealer was found guilty by a jury of delivery of a controlled substance and sentenced to thirty years imprisonment. A fine of $10,000 was also imposed. A notice of appeal was filed, but the record was not tendered to the appellate court. Petitioner subsequently sought to lodge the record belatedly. Petitioner was represented at trial by Mr. J. Skylar Tapp, who filed an affidavit in response to the motion. We remanded the matter to the trial court for an evidentiary hearing, and the trial court's Findings of Fact and the record of the evidentiary hearing are now before us. The trial court found that petitioner waived his right to appeal by not directly informing Tapp within thirty days after petitioner's trial ended on August 24, 1992, that he desired an appeal.

In those cases where a finding that a petitioner did not inform his attorney of his desire to appeal in a timely manner is

based merely on weighing the credibility of the witnesses at the evidentiary hearing, this court will accept the finding of the trial court as it is the task of the trial court to assess the credibility of witnesses. *See Allen* v. *State*, 277 Ark. 380, 641 S.W.2d 710 (1982). Here, however, a timely *pro se* notice of appeal was filed by petitioner on September 21, 1992. We said in *Gay* v. *State*, 288 Ark. 589, 707 S.W.2d 320 (1986), that the filing of a timely notice of appeal *pro se* is proof of the convicted defendant's desire to appeal. Tapp's explanation that he was simply unaware of the timely notice of appeal is not sufficient cause in itself to find that he was justified in abandoning the appeal.

■ As there was a timely notice of appeal filed in the case and Tapp had not been relieved by the trial court of his obligations as counsel, he must be held responsible for being aware of filings in the case in which he remained attorney-of-record. Tapp is directed to proceed as counsel in the appeal and file a petition for writ of certiorari in this court within thirty days to bring up the entire record, or that part of the record, which is necessary to the appeal. Petitioner has filed an affidavit of indigency which the state has not contested. He is granted permission to proceed as an indigent in this appeal. *See Strode* v. *State*, 301 Ark. 351, 783 S.W.2d 859 (1990).

Motion granted.