Michael Dewayne JACKSON *v.* STATE of Arkansas

CR 93-476                                        863 S.W.2d 283

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*Appellant*, pro se.

No response.

PER CURIAM. The petitioner Michael Dewayne Jackson was found guilty in 1992 of delivery of a controlled substance and sentenced as a habitual offender to twenty years imprisonment. No appeal was taken, and petitioner subsequently filed a timely motion for belated appeal in this court pursuant to Criminal Procedure Rule 36.9. He alleged that he had informed his retained attorney Gene Worsham of his desire to appeal but Worsham failed to perfect the appeal.

In an affidavit filed by Worsham in response to the motion Worsham averred that at no time during the thirty-day period for filing a notice of appeal set by Rule 4 (a) of the Rules of Appellate Procedure was he informed that petitioner desired an appeal. Because the contentions of petitioner and Mr. Worsham were in conflict, we remanded the matter to the trial court for an evidentiary hearing and Findings of Fact and Conclusions of Law on the question of whether petitioner informed Worsham of his desire to appeal within the time for filing a timely notice of appeal. The transcript of the evidentiary hearing and the court's Findings of Fact and Conclusions of Law are now before us.

After the hearing at which petitioner, petitioner's sister, and Worsham testified, the trial court found that petitioner had timely notified Worsham of his desire to appeal. This court recognizes that it is the trial court's task to assess the credibility of witnesses and resolve conflicts of fact. *See Allen* v. *State*, 277 Ark. 380, 641 S.W.2d 710 (1982). The trial court's finding that petitioner informed counsel of his desire to appeal in a timely manner is accepted, and the motion for belated appeal is granted. As Mr. Worsham has never been relieved as counsel, he remains responsible for proceeding with the appeal. He is directed to file within thirty days a petition for writ of certiorari in which he designates the entire record, or that portion of the record, necessary for the appeal. As petitioner contends that he is indigent and the state has not contested that claim, petitioner is granted permission to proceed in forma pauperis in the appeal.

*See Bealer* v. *State*, 314 Ark. 352, 862 S.W.2d 259 (1993).

Motion granted.