Rickey NEAL *v.* STATE of Arkansas

CR 93-424                                          868 S.W.2d 32

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*Appellant*, pro se.

No response.

PER CURIAM. In 1992 the petitioner Rickey Neal was found guilty by a jury of manslaughter and was sentenced to ten years imprisonment. He was represented at trial by Jerry Sallings, a deputy public defender. No appeal was taken, and petitioner sought a belated appeal pursuant to Criminal Procedure Rule 36.9. Mr. Sallings filed an affidavit in response to the motion. As the statements of petitioner and Sallings were in conflict as to whether petitioner informed Sallings of his desire to appeal within the time for filing a timely notice of appeal, the

matter was remanded to the trial court for an evidentiary hearing. The transcript of that hearing and the trial court's written Findings of Fact and Conclusions of Law are now before us.[1]

Petitioner contended in the motion for belated appeal that he advised counsel of his desire to appeal immediately after the guilty verdict was entered and that he did not learn until six months after sentencing that an appeal had not been perfected. He stated that he did not sign a waiver of appeal, but that if he did sign such a waiver, it was not a "willful and intelligent" waiver.

Sallings averred in an affidavit filed in response to the motion for belated appeal that he thoroughly explained the right to appeal to petitioner after trial and that petitioner chose not to appeal. Sallings attached to his affidavit an undated statement signed by the petitioner without notarization stating that he was waiving his right to appeal.

The trial court heard testimony from petitioner, who was represented by counsel, and Sallings on the fact question to be resolved. The contentions of petitioner and Sallings were essentially those made to this court. The court concluded that Salling's testimony was the more credible. This court recognizes that it is the trial court's task to hear witnesses and assess their credibility. *See Allen* v. *State*, 277 Ark. 380, 641 S.W.2d 710 (1982). We accept the trial court's finding that petitioner voluntarily chose not to appeal. As a result, the motion for belated appeal is denied.

Motion denied.

---

[1] Petitioner testified at the evidentiary hearing concerning allegations of ineffective assistance of counsel which were apparently raised pursuant to Criminal Procedure Rule 37 in a separate petition filed in the trial court and which were not a part of the motion for belated appeal which was filed in this court pursuant to Criminal Procedure Rule 36.9. The trial court correctly noted at the hearing that this court remanded the matter for an evidentiary hearing limited to the allegation raised under Rule 36.9 and properly declined to enter findings concerning any other claim of ineffective assistance of counsel.