Johnny WARREN *v.* STATE of Arkansas

CR 03-21                                   97 S.W.3d 386

Supreme Court of Arkansas
Opinion delivered January 23, 2003

*Gina H. Reynolds*, for appellant.

No response.

P ER CURIAM. On July 1, 2002, following a bench trial in the Circuit Court of Pulaski County, Johnny Warren was found guilty of misdemeanor driving while intoxicated, driving with a suspended license, refusal to submit to a blood analysis, and failure to wear a seatbelt. A fine of $500 was imposed. Warren was represented at his bench trial by his appointed attorney, Gina Reynolds. The judgment and disposition order in this case was entered on July 15, 2002. On July 30, 2002, Warren filed a *pro se* "Motion for Post-Trial Relief," asking the court to reverse the conviction. The motion was deemed denied on August 29, 2002. An order denying the motion on the ground that the judgment was on appeal was not entered until November 7, 2002. On August 28, 2002, Warren had timely filed a notice of appeal.[1]

The record was tendered to the clerk of this court on December 11, 2002. Because the record was not received within 90 days of the effective date of the notice of appeal, Ms. Reynolds was advised that a motion for rule on the clerk would be necessary. Ms. Reynolds was still Warren's attorney of record because there was no order in the record relieving her as counsel before the notice of appeal was filed. *See* Ark. R. App. P.—Crim. 16.

Instead of filing a motion for rule on the clerk, Ms. Reynolds filed the instant "Response to Request for Rule on the Clerk." She states that Warren no longer wanted her as his attorney, and that she was not made aware by Warren or the circuit court clerk that a timely notice of appeal had been filed. She also notes that Warren picked up the record and was informed by the deputy circuit clerk that the record was due to be filed in the appellate court that same day, December 2, 2002, but he did not tender the

---

[1] A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Ark. R. App. P.—Crim. 2(b)(2).

record until nine days later. Reynolds declines to accept responsibility for the late tender of the record in these circumstances and asks to be relieved of further responsibility in the matter. She asks in the alternative that, if this Court should be unwilling to accept her declining of responsibility for the late tender, the matter be remanded for a fact-finding hearing.

■ ■ This court dealt with a similar situation in the case of *Bealer v. State*, 314 Ark. 352, 862 S.W.2d 259 (1993). In *Bealer*, the petitioner's attorney was unaware that his client had filed the appeal *pro se* without informing his attorney of his intentions. The trial court ruled that the petitioner waived his right to appeal by not directly informing his attorney within thirty days of the end of his trial. *Id.* This court reversed, holding that the filing of a timely notice of appeal *pro se* is proof of the defendant's desire to appeal. *Id.* The court also held that an attorney who has not been relieved as counsel by the trial court must be held responsible for being aware of filings in the case in which he or she has remained the attorney of record. *Id.*

*Bealer* is controlling in this case, and Ms. Reynolds is responsible for being aware of the filing of the notice of appeal. Ms. Reynolds must file within thirty days from the date of this per curiam a motion and affidavit, accepting fault for an untimely filing of the record. Upon filing same, the motion for rule on the clerk to accept the record will be granted, and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

■ Simultaneously with her "Response to Request for Motion for Rule on the Clerk," Ms. Reynolds also filed a "Motion to be Relieved as Counsel," arguing that Warren will not be prejudiced by proceeding *pro se* because he is already *de facto* proceeding *pro se*. According to Rule 16 of the Arkansas Rules of Appellate Procedure-Criminal, after the notice of appeal is filed with this court, we shall have exclusive jurisdiction to relieve counsel in the interest of justice or for other sufficient cause. Ms. Reynolds has not met these conditions and her motion is denied.