Kenneth Wayne SMITH *v.* STATE of Arkansas

CR 87-151                                    742 S.W.2d 936

Supreme Court of Arkansas
Opinion delivered January 25, 1988

*William R. Simpson, Jr.*, Public Defender, *Howard W. Koopman*, Deputy Public Defender, by: *Donald K. Campbell III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. A jury found the appellant guilty of rape and fixed his sentence at forty years. On appeal, he argues that the prosecutor used peremptory challenges in a racially discriminatory manner to strike blacks from the jury in violation of the Equal Protection Clause. We find no merit in the argument and affirm the judgment of conviction.

The Supreme Court of the United States has held that a criminal defendant has

> the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria. The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race or on the false assumption that members of his race as a group are not qualified to serve as jurors.

*Batson* v. *Kentucky*, 476 U.S. 79, ___, 106 S. Ct. 1712, 1717 (1986) (citations and footnote omitted). We wholeheartedly follow that rationale. *Ward* v. *State*, 293 Ark. 88, 733 S.W.2d 728 (1987).

Under *Batson*, a defendant who alleges improper use of peremptory challenges must establish a prima facie case of

purposeful discrimination. If the defendant makes this showing, then the burden shifts to the State to give a neutral explanation for the questioned challenges. 106 S.Ct. at 1722-23. In the present case the appellant failed to establish a prima facie case of purposeful discrimination.

In *Batson*, the Supreme Court noted:

> [A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

*Id.* (citations omitted). It is clear from the record here that the appellant and the two veniremen struck were black. Therefore, the only question remaining is whether the facts and circumstances raise an inference that the strikes were racially motivated.

Regarding this question, the Supreme Court stated:

> In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a "pattern" of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during *voir dire* examination and in exercising his challenges may support or refute an inference of discriminatory

purpose. These examples are merely illustrative.

*Id.* at 1723. First, there were no questions or statements made during the voir dire examination that support an inference of discriminatory purpose. Second, the striking of two jurors, standing alone, is not sufficient to establish a *Batson* "pattern." *See Clay* v. *State*, 290 Ark. 54, 716 S.W.2d 751 (1986); *see also United States* v. *Vaccaro*, 816 F.2d 443, 457 (9th Cir. 1987). The appellant argues that the striking of only two jurors is sufficient *if* the strikes have the effect of removing all blacks from the jury. The appellant asserted below that the two veniremen struck were the only black jurors empaneled; however, this assertion was denied by the deputy prosecutor, and we are unable to determine what the true facts were. In addition, but of lesser importance, we are not given any information about the race of the two veniremen empaneled to replace those struck. In short, the appellant did not establish the very fact on which he now seeks to base his argument. Accordingly, we hold that the appellant failed to make a prima facie case of purposeful discrimination as required by *Batson* and *Ward*.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. In the case of *Ward* v. *State*, 293 Ark. 88, 733 S.W.2d 728 (1987), we "wholeheartedly" endorsed the *Batson* decision prohibiting purposeful discrimination in the jury selection process. Before the ink is dry on *Ward* we have begun the process of backtracking and limiting its application.

It is common knowledge in the legal profession that the standard procedure with many prosecuting attorneys is to peremptorily challenge blacks from the venire when the defendant is also black. True to tradition, in the present case the only two persons struck from the jury panel were black. I do not see any distinction between striking the only two black jurors and striking all eight black jurors from a panel, as was the case in *Ward*, or all four as in *Batson*. If all blacks are struck the purpose is achieved.

The appellant brought this discriminatory practice to the attention of the trial court before the trial itself commenced. The appellant alleged discrimination and stated that the only two

black jurors on the panel were struck by the prosecution. Subsequently a dispute between counsel ensued over whether one of the remaining jurors was black.

*Batson* v. *Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), partly overruled the decision in *Swain* v. *Alabama*, 380 U.S. 202 (1965), and held that "a defendant may establish a prima facie case of purposeful discrimination in the selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges *at the defendant's trial*" (emphasis added). *Swain* was overruled because it "placed on defendants a crippling burden of proof."

To establish a prima facie case under *Batson*:

> [T]he defendant first must show that he is a member of a cognizable racial group [citation omitted] and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." [citation omitted] Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. [90 L.Ed.2d 88]

Once the defendant makes this showing, the burden shifts to the state to come forward with a neutral explanation for challenging black jurors. The prosecutor "must articulate a neutral explanation related to the particular case to be tried."

The state concedes, and the record clearly reflects, that the appellant is black and that the prosecution struck two blacks from the panel. The state thus contends that the appellant has failed to make a prima facie case of purposeful discrimination. In the alternative, the state argues that it made "sufficient neutral explanations" for challenging the black jurors.

In *Ward*, there were eight blacks struck from the panel, leaving an all-white jury. In *Batson*, there were four blacks struck, leaving an all-white jury. In the present appeal, there were

two blacks struck, and it is uncertain whether there was an all-white jury. However, it is clear that the only two persons struck from the panel were black. This is sufficient to establish a prima facie case of discrimination.

At a hearing in chambers preceding the trial the prosecutor attempted to justify his only two strikes. One of the excused jurors was dismissed because "she was not making contact with me, and not showing what I felt to be the interest in the case for a juror that I would want." In the words of Justice Hickman in *Ward*, the state's explanations "were pretty thin."

The effect of the decision today is to tell prosecutors that, while we won't accept outrageously blatant discrimination, a little discrimination is permissible. I am compelled to quote from *Ward*: "The best answer the state can have to a charge of discrimination is to be able to point to a jury which has some black members." In keeping faith with our pronouncement in *Ward* we should reverse and remand for a new trial.