Jo Ann SHIELDS *v.* STATE of Arkansas

CA CR 88-295                              778 S.W.2d 647

Court of Appeals of Arkansas
Division II
Opinion delivered November 1, 1989

*Smith & Drake*, by: *Mark D. Drake*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Jo Ann Shields, was convicted of delivery of cocaine and sentenced to serve twenty years in the Arkansas Department of Correction and pay a fine of $11,000.00. On appeal she argues that the state's use of peremptory challenges to exclude blacks from the jury violated the equal protection clause of the United States Constitution and denied her a fair trial.

In *Ward* v. *State*, 293 Ark. 88, 733 S.W.2d 728 (1987), the Arkansas Supreme Court followed the United States Supreme Court's decision in *Batson* v. *Kentucky*, 476 U.S. 79 (1986), by holding that when a prima facie case of purposeful discrimination in the selection of a jury occurs, the trial judge must conduct a "sensitive inquiry" into the reasons the prosecution has excluded the black jurors. In order to make a prima facie case, the defendant must show (1) the totality of the relevant facts gives rise to an inference of discriminatory purpose; (2) a total or seriously disproportionate exclusion of blacks from the jury; or (3) a discriminatory pattern of strikes, or questions and statements by the prosecutor during voir dire. 293 Ark. at 92-93.

Once a prima facie case is shown, the burden shifts to the prosecution to offer some explanation other than race. The state must "articulate a neutral explanation related to the particular case to be tried." Mere general assertions that the jurors were not excluded for racial reasons are inadequate. *See* 293 Ark. at 93. It is then the duty of the trial court to decide whether the prosecution's explanations for its strikes successfully rebut the defendant's prima facie case of purposeful discrimination. As that decision is based on a finding of fact, on appellate review we will not reverse the decision of the trial court unless it is clearly erroneous. *See Kidd* v. *State*, 24 Ark. App. 55, 748 S.W.2d 38 (1988).

The record shows that when the jury was seated the prosecutor had used three of his peremptory challenges to strike black panel members; that he had three peremptory challenges left; and that three black panel members had been selected to serve on the jury. Counsel for the defense then made a motion to strike the jury panel and the trial court shifted the burden to the prosecution to explain the reason for the strikes. According to the prosecutor, one potential juror was excused because the prosecutor had information that this person was involved in activities adverse to the state and during voir dire she exhibited animosity toward the prosecutor. The second one was excused because she was a business associate of the defendant, and the third one was excused because she was a young, black female, approximately the same age as the defendant and from a small town in which a number of people with her last name had been arrested and had caused trouble. Appellant argues that she made a prima facie showing that the prosecutor was using his peremptory challenges to strike potential black jurors solely for racial reasons and that the trial court's finding that the prosecutor gave racially neutral explanations for his strikes is clearly erroneous.

Appellant cites *Mitchell* v. *State*, 295 Ark. 341, 750 S.W.2d 936 (1988), in which the Arkansas Supreme Court reversed the trial court because of error in the selection of the jury. In that case, the prosecutor closely questioned the only black prospective juror about whether his race would affect his vote, and then utilized a peremptory challenge to excuse him. Although the prosecutor stated his reasons for the strike, the judge failed to conduct any further inquiry into those reasons, and the appellate court held that because the trial court accepted the prosecutor's explanation at face value and made no sensitive inquiry, reversal was required.

In *White* v. *State*, 298 Ark. 55, 764 S.W.2d 613 (1989), the court held that the appellant had not made a prima facie case of purposeful discrimination. In that case one black juror was seated, the prosecution used peremptory challenges to excuse three more, and at the close of voir dire the prosecution had peremptory challenges left. The court said:

As was true in *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988), the record here reflects that after the jury was

seated—including the one juror of appellant's race—the state had peremptory challenges remaining. No discriminatory purpose can be attributed inferentially or directly to the state because of its actions in striking the two jurors in this cause. Neither does the appellant show a disproportionate exclusion of blacks from the venire from which the state and appellant were required to select a jury. Accordingly, we hold the appellant failed to establish a prima facie case of discriminatory purpose as is required in *Batson*.

298 Ark. at 58-59. *See also Smith* v. *State*, 294 Ark. 357, 742 S.W.2d 936 (1988).

We do not believe the *Ward* and *Mitchell* cases require reversal in this case because in those cases an all-white jury was seated to pass judgment on black defendants, the trial judge failed to conduct a "sensitive inquiry" into the matter, and in *Ward* the state had used all its peremptory challenges to strike black prospective jurors. We think the instant case is more analogous to *White, supra,* where the state had peremptory challenges it did not use, the court conducted a "sensitive inquiry" into the prosecutor's reasons for excluding the black jurors, and there were blacks on the jury. As the Court said in *Batson*:

> In holding that racial discrimination in jury selection offends the Equal Protection Clause, the Court in Strauder [*Strauder* v. *West Virginia*, 100 U.S. 303 (1879)] recognized, however, that a defendant has no right to a "petit jury composed in whole or in part of persons of his own race." *Id.*, at 305. "The number of our races and nationalities stands in the way of evolution of such a conception" of the demand of equal protection. But the defendant does have the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria. The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race or on the false assumption that members of his race as a group are not qualified to serve as jurors.

476 U.S. at 85-86 (citations omitted).

We cannot find the trial court was clearly erroneous in holding that the jury in this case was selected pursuant to nondiscriminatory criteria.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.