Milton THOMPSON *v.* STATE of Arkansas

CR 89-210                                   785 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered March 5, 1990

*William R. Simpson, Jr.*, Public Defender, *Bret Qualls*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The appellant was convicted of possession of cocaine with intent to deliver and possession of drug paraphernalia. He was sentenced to seventy years in prison as an habitual offender. The sole issue before us is whether the prosecutor exercised his peremptory challenges with the discriminatory purpose of excluding black persons from the jury.

The appellant, a black man, claims the jury panel should have been quashed when the prosecuting attorney used peremptory challenges to strike two black persons. He relies on *Batson* v. *Kentucky*, 476 U.S. 79 (1986) and *Ward* v. *State*, 293 Ark. 88, 722 S.W.2d 728 (1987).

The appellant had the burden of making a prima facie case of discrimination in the selection of jurors. *Batson, supra; Ward, supra*. A prima facie case may be established by: (1) showing that the totality of the relevant facts gives rise to an inference of a discriminatory purpose, (2) demonstrating total or seriously disproportionate exclusion of blacks from the jury, or (3) showing a pattern of strikes, questions or statements by a prosecuting attorney during voir dire. *Owens* v. *State*, 300 Ark. 73, 777 S.W.2d 205 (1989). Once a prima facie case has been made, the burden shifts to the prosecutor to give a sufficiently neutral explanation for the peremptory strike in the context of a "sensitive inquiry" by the court. *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988). We conclude the appellant failed to establish a prima facie case of discrimination. Therefore, we will not address the need for a sensitive inquiry or the reasons behind the prosecutor's use of the peremptory challenges.

The jury that convicted the appellant included three

black members. The presence of minority members on the jury, while by no means determinative of the question of whether discrimination occurred, is of some significance. *Ford* v. *State, supra.* It is also noteworthy that, when the three black jurors were seated on the jury, the prosecutor still had peremptory challenges remaining. *See Owens* v. *State, supra.* Finally, we note that the number of black persons serving on the jury (three) was greater than the number struck by the prosecutor (two).

We have not been reluctant to recognize those situations in which a prosecutor has used peremptory challenges to exclude potential jurors solely on the basis of race. *See Mitchell* v. *State*, 259 Ark. 341, 750 S.W.2d 936 (1988); *Ward* v. *State, supra.* But those cases differ markedly from the case at bar. In *Mitchell*, the sole black venireman was excluded by the prosecutor, resulting in an all-white jury. We determined, based on the nature of the prosecutor's questioning during voir dire, that a prima facie case of discrimination had been made. In *Ward*, the prosecutor exercised all eight of his peremptory challenges to strike black jurors, resulting in an all-white jury. We declared that a prima facie showing of discrimination was made in that case also.

The record in this case fails to reflect a discriminatory purpose in the prosecutor's use of peremptory challenges. The appellant did not meet his burden of making a prima facie case. See *Owens* v. *State, supra; Ford* v. *State, supra. See also White* v. *State*, 298 Ark. 55, 764 S.W.2d 613 (1989).

Affirmed.

PRICE, J., not participating.