Jerry RUCKER *v.* STATE of Arkansas

CA CR 92-728                                          852 S.W.2d 139

Court of Appeals of Arkansas
Division I
Opinion delivered March 24, 1993

*R. Brent Crews*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton,* Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Jerry Rucker was convicted by an all-white jury of delivery of a controlled substance and sentenced to twenty-five years in the Arkansas Department of Correction. The sole issue before us is whether the prosecutor exercised a peremptory challenge with the discriminatory purpose of excluding black persons from the jury. We find no error and affirm.

Appellant, a black man, contends that he was denied his right to a fair trial by a jury of his peers when the trial judge, over appellant's objection, allowed the prosecutor to use a peremptory strike against the only black juror drawn to serve on the jury. The black juror, Ida Rowe, and twenty-three white jurors were drawn in the jury selection process. Ida Rowe's nephew had just been tried by the same prosecutor in an earlier case, and that jury was still in deliberation. On voir dire, the prosecutor asked Ms. Rowe:

> Mr. Stallcup (prosecutor): I don't know any other way to ask this, you know I'm doing my best to send your nephew to the penitentiary for as long as I possibly can. Of course, it's up to the jury whatever happens, but will you hold that against me in this case?

> Ms. Rowe: No.

> Mr. Stallcup: You understand I'm just the elected prosecutor trying to do the job the taxpayers pay me to do. Okay. I don't ever mean to embarrass anybody with my questions, the only way I know to do it is just ask them and look somebody in the eye and see if they answer.

Appellant objected to the prosecution's strike and the prosecutor responded:

> Mr. Stallcup (prosecutor): Judge, surely I am not, surely the state is not going to be made to take a[n] aunt of a defendant that the state's trying to put in the penitentiary that a jury's out on right at this moment. We think she might be a little biased against the state for wanting to send her family members to jail.

Appellant had the burden of making a prima facie case of discrimination in the selection of jurors. *Batson* v. *Kentucky*, 476 U.S. 79 (1986); *Ward* v. *State*, 293 Ark. 88, 722 S.W.2d 728 (1987). In *Batson* v. *Kentucky*, the Supreme Court, while recognizing that a prosecutor ordinarily is allowed to exercise his peremptory challenges for any reason at all, as long as that reason is related to his view concerning the outcome of the case to be tried, held that the Equal Protection Clause forbids the prosecutor from challenging potential jurors solely on the basis of race. *See also Pacee* v. *State*, 306 Ark. 563, 816 S.W.2d 856 (1991). A

prima facie case may be established by: (1) showing the totality of the relevant facts give rise to an inference of a discriminatory purpose; (2) demonstrating total or seriously disproportionate exclusion of blacks from the jury; or (3) showing a pattern of strikes, questions, or statements by a prosecuting attorney during voir dire. *Owens* v. *State*, 300 Ark. 73, 777 S.W.2d 205 (1989). In a similar case, the Arkansas Supreme Court held:

> [W]here the use of a peremptory challenge results in exclusion from the jury of all members of the defendant's minority race, it is not necessary to show exclusion of more than one minority juror of the same race as the defendant to make a prima facie case of discriminatory use of a peremptory challenge, and thus invoke the "sensitive inquiry" requirement.

*Mitchell* v. *State*, 295 Ark. 341, 351, 750 S.W.2d 936, 941 (1988).

Inasmuch as the only black juror was excluded, a prima facie case was made. The burden then shifted to the prosecutor to give a sufficiently neutral explanation for the peremptory strike in the context of a "sensitive inquiry" by the court. *Thompson* v. *State*, 301 Ark. 488, 785 S.W.2d 29 (1990). Following such inquiry, the trial court must state its ruling as to the sufficiency or insufficiency of the racially neutral explanation given by the prosecution. *Colbert* v. *State*, 304 Ark. 250, 255, 801 S.W.2d 643, 646 (1990). The standard of review on appeal of the trial court's evaluation of the sufficiency of the explanation is whether the court's findings are clearly against a preponderance of the evidence. *Id.*

In this case, the prosecutor explained that the instant trial involved the sale of cocaine, that the black juror's nephew had just been tried for the sale of cocaine, and that he was the prosecutor in the nephew's trial. The trial court correctly pointed out that the burden was on the prosecutor, but stated that "the court in the past has not seen any pattern of strikes, racial strikes by the prosecutor." The court then announced its ruling:

> I'm going to allow it even though, even though she's the only black on the jury. I'm going to allow it by reason of her connection with the previous case.

The prosecutor's reason for the strike as well as the judge's ruling are clearly stated. The record in the case fails to reflect a discriminatory purpose in the prosecutor's use of a peremptory strike. Appellant has failed to demonstrate that the trial court's finding in this regard was clearly against a preponderance of the evidence.

Affirmed.

JENNINGS, C.J., and PITTMAN, J., agree.