Marvin ACKLIN *v.* STATE of Arkansas

CR 94-1054                                    896 S.W.2d 423

Supreme Court of Arkansas
Opinion delivered January 30, 1995
[Rehearing denied April 10, 1995.*]

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

Andree Layton Roaf, Justice. Appellant was tried and convicted of two counts of battery for the stabbing of his grandmother and ten-year-old cousin, and was sentenced as an habitual offender with four or more previous felony convictions. He received a sentence of forty years on each count. On appeal, appellant contends

---

*Dudley, J., not participating. *Per Curiam* opinion not designated for publication.

there was impermissible, purposeful discrimination by the state in the striking of a black male during jury selection. We do not reach the merits of appellant's argument because of his failure to sufficiently abstract the record. We affirm.

Appellant's argument rests on a claim of purposeful discrimination in the state's selection of a jury. Specifically, he argues that the state's challenge to a black male juror violated the rules pronounced in *Batson* v. *Kentucky*, 476 U.S. 79 (1986), which prohibits racial discrimination in the exercise of peremptory challenges, and *J.E.B.* v. *Alabama*, 114 S.Ct. 1419 (U.S. 1994), which extended *Batson* to include discrimination based on gender. Appellant contends that African American males should be considered a constitutionally cognizable group distinct from black people in general. *Batson, supra.*

When the challenge was made below, the state had struck the first black male to be questioned as a prospective juror. It was stated for the record that Acklin was also a black male. Acklin asserted that he objected to the strike on the basis of both race and gender. The state responded that while there were not yet any black males on the jury, black females had been seated and both sides had struck white men. The state asserted that Acklin had not made a prima facie case for purposeful discrimination as required by *Batson, supra*, and the state was, therefore, not required to give a racially or gender neutral explanation for the strike. See *Gilland* v. *State*, 318 Ark. 72, 883 S.W.2d 74 (1994). The trial court found that because there were already blacks on the jury, and the defense itself had stricken white men, no prima facie case had been made.

Without intending any comment on the soundness of appellant's argument, we do not reach the merits because of the deficiency in appellant's abstract.

The abstract in this case has failed to disclose any of the other details of voir dire necessary for us to determine whether a prima facie case had been made. A prima facie case may be established by: (1) showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose, (2) demonstrating total or seriously disproportionate exclusion of blacks from the jury, or (3) showing a pattern of strikes, questions or statements by a prosecuting attorney during voir dire. *Gilland, supra; Thompson* v. *State*, 301 Ark. 488, 785 S.W.2d 29 (1990).

■ Here, the only passage abstracted from voir dire is the discussion of the one challenge argued on appeal. This passage tells us that the appellant is a black male, that the challenged juror was a black man, that there were black women on the jury at the time he was challenged, and that three white men had previously been peremptorily challenged by the defense. This information is insufficient to enable us to determine whether a prima facie case of purposeful discrimination has been made.

The abstracted colloquy, standing alone, does not tell us about the final makeup of the jury nor does it provide any other relevant information required in making a prima facie determination. Our tests for determining whether there has been purposeful discrimination, by their nature, require something against which such facts can be viewed. The one peremptory strike of a black male, with no additional facts or context in which it can be evaluated, is not sufficient. Among the relevant facts needed to infer a discriminatory purpose are the racial composition of the final jury, *Tucker* v. *State, supra; Wainwright* v. *State, supra*; or the racial composition of the veniremen at the commencement of voir dire, *Wainwright*. Such facts are not before us in the abstract. Nor do we have information from which to determine if there has been a pattern of strikes, questions or statements by the prosecutor; or that there has been a total or seriously disproportionate exclusion of the group from the jury. See e.g. *Pacee* v. *State*, 306 Ark. 563, 816 S.W.2d 856 (1991) where we said:

> [Voir dire was excluded from the record on appeal], thus we are deprived of that critical portion of the trial proceedings which would enable us to consider "all relevant circumstances" [*Batson*, 476 at 86-87] from which to determine how and why peremptory challenges were used or withheld, and whether the state's explanations are race neutral and credible.

While we have found a situation where the exclusion of one juror is sufficient to raise a prima facie case, the exclusion of that juror was looked at, as with our other tests, not in isolation but within the context of additional facts. So in *Mitchell* v. *State*, 295 Ark.341, 750 S.W.2d 936 (1988), we held that when all members of the defendant's minority race are excluded from the jury, it is not necessary to show exclusion of more than one juror of

the defendant's race to make a prima facie case. However, as with the other tests, the one strike is only significant when it is viewed within the context of other relevant facts, specifically, the exclusion from the jury of all members of the group. In the instant case, we have no such showing of the racial or gender makeup of the final jury.

Affirmed.