Larry CHAMBERS *v.* STATE of Arkansas

CR 78-79                                          571 S.W. 2d 79

Opinion delivered October 2, 1978
(Division I)

*Jesse E. (Rusty) Porter, Jr.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a petition for post-conviction relief under Criminal Procedure Rule 37. The petitioner alleged, among other things, ineffective assistance of counsel as a ground for withdrawing his plea of guilty. After an evidentiary hearing the trial court denied the petition.

At the evidentiary hearing Chambers's present counsel, who was appointed, asked that the witnesses be excluded from the courtroom, as required by the statutes. Ark. Stat. Ann. § 43-2021 (Repl. 1977); Uniform Rules of Evidence, Rule 615, Ark. Stat. Ann. § 28-1001 (Supp. 1977). Mike Etoch, as retained counsel, had represented Chambers when he first pleaded not guilty and when he changed his plea to guilty. Mr. Etoch was a prospective witness at the hearing, but the court refused to exclude him, on the ground that the allegations of ineffective assistance of counsel had in effect made him a party to the proceeding.

The court was mistaken in its ruling. The older statute, § 43-2021, states that the judge "shall" exclude the witnesses. It is mandatory. *Vaughn* v. *State,* 252 Ark. 505, 479 S.W. 2d 873 (1972). If the Uniform Rule of Evidence has superseded the earlier statute, it too uses the word "shall" and must also be construed to be mandatory. Mr. Etoch was present as a prospective witness, not as a party. The court's ruling that he was in effect a party seems to imply that he might have some bias or personal interest in the proceeding. We do not detect anything of the kind in his testimony, but if any such feeling existed it would be all the more reason for his exclusion. The statutes are designed to minimize the effects of partiality on the part of witnesses.

The State argues that Mr. Etoch's presence during the hearing was proper under Uniform Rule 615, which excepts from exclusion "a person whose presence is shown by a party to be essential to the presentation of his cause." The exception is said to contemplate "such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." 28 USCA, Federal Rules of Evidence, Rule 615, Notes of Advisory Committee (1975). Mr. Etoch did not fall in either category. He

was present simply as a witness, not as a sort of co-counsel for the State to defend against the assertions of his former client.

We also find by the weight of the evidence that there was in fact ineffective assistance of counsel. The charges of burglary and theft were filed against the appellant, Larry Chambers, against his brother, Danny Chambers, and against a third defendant, James Cooper. Mr. Etoch was first employed as paid counsel by the father of the Chambers brothers. When it developed that young Cooper was indigent, Mr. Etoch was appointed to defend him as well.

A postoffice had been burglarized. Mr. Etoch testified at the hearing below that the State had a strong case against Danny Chambers and Cooper. Their fingerprints had been found inside the postoffice, and they had confessed. The State had "a cinch conviction" against them. Larry, however, had made no statement, and his fingerprints were not found inside the postoffice. "However," according to Mr. Etoch, "the other two boys in their confession had given them full information that Larry was with them, sitting in the car, etc., and things."

The two who confessed had no criminal record. Larry had shot a police officer and was on parole after having served six years in prison. According to Mr. Etoch, the sheriff's office offered to give Danny and Cooper suspended sentences if they would turn state's evidence against Larry. Mr. Etoch, in view of the conflict of interest, discussed the matter at length with Larry's father and with Larry. He explained that he was willing to represent either brother at a trial, but he could not continue to represent all three defendants unless they pleaded guilty. The discussions eventually led to pleas of guilty by all three.

We have no doubt at all about Larry's having been entitled to independent counsel. The duty of a lawyer in Mr. Etoch's position is clearly stated in the ABA Standards Relating To the Defense Function, § 3.5 (b) (1971):

> Except for preliminary matters such as initial hearings or applications for bail, a lawyer or lawyers who are associated in practice should not undertake to

defend more than one defendant in the same criminal case if the duty to one of the defendants may conflict with the duty to another. The potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the several defendants give an informed consent to such multiple representation.

See also the Code of Professional Responsibility, Canon 5 (1975).

We do not consider it to be material that Mr. Etoch was serving as paid counsel rather than by appointment. We have applied our standard of professional competency to non-appointed counsel. *Kerr* v. *State,* 256 Ark. 738, 512 S.W. 2d 13 (1974), cert. den. 419 U.S. 1110 (1975). Nor does it matter that all the clients knew about the joint representation, a circumstance that does not appear to have existed in two somewhat similar cases. *Randazzo* v. *United States,* 339 F. 2d 79 (5th Cir. 1964); *Porter* v. *United States,* 298 F. 2d 461 (5th Cir. 1962). The controlling and inescapable fact is that it was necessarily impossible for Mr. Etoch to give sound disinterested counsel to every one of three clients whose best interests were in direct and irreconcilable conflict. The absolute necessity for independent counsel was so clear-cut that Larry's plea of guilty cannot be allowed to stand. Cf. *Holloway* v. *Arkansas,* 98 S. Ct. 1173 (1978).

Reversed and remanded for further proceedings.

We agree. HARRIS, C.J., and HOLT and HICKMAN, JJ.