Darrell Douglas KIRK *v.* STATE of Arkansas

CR 80-116                          606 S.W. 2d 755
Supreme Court of Arkansas
Opinion delivered November 3, 1980

*E. Alvin Schay*, State Appellante Defender, by: *Deborah Davies Cross*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Appellant was tried before a jury on September 19, 1979, for his role in the alleged rape of his estranged wife some three months earlier. While appellant did not personally have any physical contact with the victim, it was alleged that he held a shotgun on the person

with whom the victim was living while his co-defendant performed the illicit act. For his part in the crime, appellant was convicted of rape and sentenced to imprisonment for thirty years. Appellant brings this appeal alleging the trial court abused his discretion in refusing to excuse two particular jurors for cause, one for actual bias as required by Ark. Stat. Ann. § 43-1919 (Repl. 1977), and the other for physical incapacity as required by Ark. Stat. Ann. § 43-1917 (Repl. 1977). Finding no reversible error, we affirm the judgment of the trial court.

During *voir dire* of the jury the following colloquy took place between defense counsel, Michael Dabney, and prospective juror Roy Baker:

Q. Let me ask you this: I haven't gotten into this with any others, but it is my duty to ask some of these questions although they don't necessarily represent my point of view. If a guilty verdict should be rendered, it might be, it might not be, but if it is rendered the punishment starts at five (5) years and goes up to fifty (50) years or life. If you find in your opinion the defendant is guilty of rape — I have to ask you this question, although I don't believe it — if you find the defendant guilty of rape, today, would you be willing to consider, as serious as that charge is, five (5) years, depending on the evidence that unfolds today?

Mr. Baker:
It would depend on the evidence; why, of course.

Q. If there were evidence that came forth that could cause you to give five (5) years, could you consider that?

Mr. Baker:
Well, I wouldn't think so if he's guilty; I don't think I'd just stand on just five years.

Q. You wouldn't be able to consider just five (5) years, no matter what occurred?

Mr. Baker:

Not if he's proven guilty.

Defense counsel then challenged juror Baker for cause alleging that his answers indicated actual bias. When the trial court refused to excuse juror Baker for cause, defense counsel excused him with a peremptory challenge.

Appellant also contends that the refusal of the trial court to excuse prospective juror Austin Reed for cause was reversible error due to his hearing problem. The hearing difficulty was brought to defense counsel's attention when Mr. Reed asked him to talk a little bit louder. It is obvious from the unresponsive answers of Mr. Reed during the ensuing dialogue that he had some difficulty hearing defense counsel, particularly when Mr. Dabney turned his head. Upon questioning by the court, Mr. Reed agreed to sit on the front row of the jury box and to let the court know immediately if he had difficulty hearing. The court accordingly refused to excuse Mr. Reed for cause, and defense counsel exercised another of his peremptory challenges. *Voir dire* then contined for some time until Audrey Emerson was called. Although defense counsel had used his last peremptory challenge to excuse the juror called immediately prior to juror Emerson, he nonetheless questioned her at length to make sure she could give appellant a fair trial. At the conclusion of the questioning, the following exchange took place:

The Court: Is she acceptable to the State?

Mr. Heuer: Yes, sir.

The Court: Is she acceptable to the defense?

Mr. Dabney: She's acceptable, Your Honor.

Appellant's counsel on this appeal, different from that at trial, now asserts that appellant was prejudiced by the trial court's refusal to excuse jurors Baker and Reed for cause in that appellant was compelled to exhaust his peremptory challenges prior to the calling of juror Emerson, whom he now claims he would have peremptorily challenged since she had served on a jury in a rape case the week before. We need

not decide whether the actions of the trial court constituted an abuse of discretion as appellant failed to show that he was prejudiced by being required to accept an undesirable juror. To the contrary, counsel for appellant indicated that Mrs. Emerson was acceptable. While discussing a variety of cases on the point this court reiterated in *Arkansas Highway Commission* v. *Dalrymple*, 252 Ark. 771, 771, 480 S.W. 2d 955 (1972), the following principle:

> [T]he right of peremptory challenges is conferred as a means to reject jurors — not to select jurors, and until such time as a party is forced to take an objectionable juror without the privilege of exercising a peremptory challenge, he has shown no prejudice.

See also *Green* v. *State*, 223 Ark. 761, 270 S.W. 2d 895 (1954) and *Conley* v. *State*, 270 Ark. 886, 607 S.W. 2d 328 (1980).

We take this opportunity to point out that Rule 9(d) of the Rules of Supreme Court requires that appellant abstract only such material parts of the record as are necessary for this court to fully understand the questions presented. In the present case, as the issues on appeal involved only a portion of the *voir dire* proceedings, it was wholly unnecessary for appellant to utilize over 40 pages of his brief to abstract the testimony presented at trial. Stricter compliance with Rule 9(d) would result in a more efficient use of counsel's time and energy, as well as those of this court.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion does an excellent job of defining and refining the issues. Therefore, it will not be necessary for me to set out any of the facts as they are accurately stated in the majority opinion.

I disagree with the result and hasten to point out that the majority does not hold that the court did not commit error in refusing to excuse juror Baker for cause. Obviously, it was

error in light of the recent case of *Haynes* v. *State*, 270 Ark. 685, 606 S.W. 563 (1980), wherein we stated:

> . . . No conscientious prospective juror should be required to say in advance of the trial whether he would consider the maximum penalty to be excessive. He should first be allowed to hear the testimony, observe the exhibits, hear the instructions by the court, and listen to the arguments of counsel. . . .

> \* \* \*

> Both the state and the defendant are entitled to a fair and impartial jury, and the most that may be required of a juror, before the trial has begun, is that he be willing to consider all the penalties provided by law and that he not be irrevocably committed to vote against the possibile penalties, regardless of the facts and circumstances that might ensue in the course of the trial.

Although we were speaking of the opposite end of the penalty range, the statement applies with equal force to the minimum range of the penalty. It cannot be said that a juror who has decided in advance of the trial that he will not consider a portion of the penalty is not a biased juror. Again, I point out the majority does not state this juror was unbiased.

The error was prejudicial because the appellant had no choice other than to accept juror Emerson. Any competent defense attorney would want to exercise a peremptory challenge on a juror who had recently sat on a similar case. Obviously, appellant did not raise a fuss at this point because he would run the risk of further alienating this juror and possibly others. The fact that the twelfth juror had participated in a previous trial which involved rape is not grounds within itself to challenge for cause. Therefore, the only way the appellant could have excused this juror was by way of peremptory challenge. Having previously exhausted such challenges, he was forced to accept this juror. Had the court excused juror Baker for cause the appellant would have been able to exercise this critical peremptory challenge.

In my opinion juror Reed should have been excused because of his hearing disability. Although it was not reversible error to fail to excuse this juror, it certainly would have saved a lot of trouble and perhaps some embarrassment had this juror been excused. In order for him to hear the testimony it may well have been that the witnesses and attorneys would have had to speak in a tone so loud as to irritate the other jurors. Perhaps he would have been embarrassed to ask that testimony be repeated.

I feel the error in failing to excuse juror Baker for cause was prejudicial under the circumstances. I would reverse the case and remand it for another trial.