Craig MADDOX *v.* STATE of Arkansas

CR 84-68

675 S.W.2d 832

Supreme Court of Arkansas
Opinion delivered October 1, 1984

*Billy L. Satterfield,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jack W. Gillean,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from an adverse ruling by the trial court on appellant's petition for Rule 37 relief based upon ineffective assistance of counsel. The appellant argues the trial court should be reversed because it erred in failing to find ineffective assistance of counsel and that it was prejudicial error to allow the trial attorney to sit in court during the hearing on the Rule 37 claim. We do not find that prejudice resulted from the errors committed by the trial court and therefore affirm the decision.

The facts of this case reveal that appellant, then 16 years of age, was arrested and charged with burglary and rape on September 1, 1980. During the investigation by the local police department, appellant was taken to the hospital where he was identified by the victim who was there as a result of the crime. Also, the police took the appellant to the scene of the crime and had him run across the yard of the witness who lived next door to the victim. He was forced to wear the same clothing and repeat the trip across the neighbor's yard at different speeds. The retained trial attorney was able to suppress these out-of-court identifications as being impermissible under the law. The case was tried on January 30, 1981. Appellant was convicted of rape and sentenced to a term of 10 years. His appeal was dismissed by his trial attorney before it was lodged in the appellate court. A hearing on his Rule 37 petition was held on August 29, 1983, and denied. It is from this order that the present appeal is taken.

We have had a multitude of cases recently which alleges ineffective assistance of counsel. For the most part these petitions are usually based upon hope and speculation rather than facts and the law. The present case is supported by the facts and the law at least to the extent that it could not be characterized as frivolous. Appellant's brief acurately states the proper standards for determining ineffective

assistance of counsel. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981); *Strickland* v. *Washington,* ___ U.S. ___, 104 S.Ct. 2052 (1984). To be successful on a claim of ineffective assistance of counsel a petitioner must first show that trial counsel's performance was deficient. He must also show that the deficiency resulted in such prejudice to his defense that he was deprived of a fair trial; that is, a trial the results of which are reliable. We must now examine the facts and proceeding in the present case to determine whether the foregoing standards of ineffectiveness have been met.

At the Rule 37 hearing testimony was produced that a hearing was held on appellant's motion to suppress the out-of-court identification of appellant. The motion was granted and over the objection of the appellant the in-court identification was permitted at the trial of the case on its merits. The neighbor did not identify the appellant at the trial. The victim stated she did not know the appellant personally but she had seen him walking up and down the street in front of her house several times a day for at least two weeks before she was raped. She also observed him in the alley near her house on the morning of the attack. She further stated, "I know it's the same boy. . . . no doubt. Those eyes, I would never forget." There was no reference to the tainted out-of-court identifications. The appellant is absolutely correct in his argument about impermissibly suggestive procedures. In *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982), we held, "We agree with appellant's argument that the state may not use in-court testimony and identification by witnesses whose testimony had been tainted by unconstitutionally conducted . . . procedures." This court looks to the totality of the circumstances in cases to determine if there is a likelihood of misidentification. *Perry* v. *State, supra; James & Elliott* v. *State,* 270 Ark. 596, 605 S.W.2d 448 (1980). The facts in *Perry* were strikingly similar to the facts in this case at least as to the testimony of one witness. In *Perry* we held that it did not appear that the improper lineup was used to crystallize the witness's memory in order for him to later make an in-court identification. We do not retreat from our previous position

that when a lineup or showup is conducted for the purpose of crystallizing a witness's later in-court identification it is the duty of the state to prove by clear and convincing evidence that the subsequent courtroom identification is based upon independent observation rather than upon the constitutionally defective procedure. *U.S.* v. *Wade,* 388 U.S. 218 (1967); *Perry* v. *State, supra;* and *Montgomery* v. *State,* 251 Ark. 645, 473 S.W.2d 885 (1971). An in-court identification can be held inadmissible as a matter of law only if, after viewing the totality of the circumstances, it can be assumed that the identification was patently unreliable. *McCroskey* v. *State,* 271 Ark. 207, 608 S.W.2d 7 (1980). After viewing the totality of the circumstances of the present case we cannot say that the victim's testimony was unreliable. *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980). In any event, identification testimony at the trial is not a proper issue to bring before the court in a Rule 37 petition.

We next discuss the error by the court in allowing the trial counsel to remain in the courtroom during the Rule 37 proceedings. In an ineffective assistance claim the trial attorney does not become a party to the action. He should have been excluded from the courtroom during the testimony pursuant to the Rule 37 petition. We specifically ruled upon this issue as early as the case of *Chambers* v. *State,* 264 Ark. 279, 571 S.W.2d 79 (1978). We have generally held that such illegal procedure goes only to the credibility of the witness. *Allen* v. *State,* 277 Ark. 380, 641 S.W.2d 710 (1982). Although it was clearly erroneous for the court to fail to exclude the trial counsel from the hearing the matter was heard before the court without a jury. As a practical matter a retrial would be a useless gesture in this case. Therefore, we hold that under the particular circumstances of this case the error was not prejudicial.

Affirmed.

HAYS, J., concurs.