Tom L. FITE *v.*
FRIENDS OF MAYFLOWER, INC.

CA 84-118

682 S.W.2d 457

Court of Appeals of Arkansas
Division I
Opinion delivered January 9, 1985

*Russell L. "Jack" Roberts,* for appellant.

*Tom F. Donovan* and *Ann C. Donovan,* for appellee.

TOM GLAZE, Judge. This appeal arises from the chancery court's denial of appellant's specific performance suit against appellee, the Friends of Mayflower, Inc. (FOM). Appellant alleged FOM breached its agreement to sell appellant a building for $65,000. The court held the

agreement unenforceable because the parties had "no meeting of the minds" concerning the contractual terms. We reverse the decision of the lower court because it erroneously refused appellant's request to exclude witnesses from the courtroom.

Immediately before trial, FOM requested that its shareholders be permitted to stay in the courtroom during trial. Appellant objected, stating FOM's designated representative could stay but requesting that the other shareholders be excluded. The court overruled appellant's objection, stating FOM's shareholders were party litigants and could remain in the room.

Rule 615 of the Uniform Rules of Evidence covers the exclusion of witnesses and provides as follows:

Rule 615. Exclusion of witnesses. — At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The foregoing rule on sequestering witnesses is mandatory when requested by one or both of the parties. *Morton* v. *Wiley Grain & Chemical Co.*, 271 Ark. 319, 609 S.W.2d 322 (1980); and *Chambers* v. *State*, 264 Ark. 279, 571 S.W.2d 79 (1978). In *International Harvester Corp.* v. *Hardin*, 264 Ark. 717, 574 S.W.2d 260 (1978), the Supreme Court found the trial court had violated Rule 615 and reversed, holding the lower court's error was presumed to be prejudicial unless the contrary affirmatively appeared from the record.

Here, after appellant requested they be excluded, the trial court allowed six FOM shareholders to remain in the courtroom. Of course, under Rule 615(1), a *party* who is a natural person is exempt from exclusion, but here the

shareholders were not party litigants — their corporation, FOM, was. These shareholder witnesses could only be exempt from exclusion under Rule 615 if FOM's attorney had designated any one of them as FOM's officer or employee or if their presence was shown by FOM to be essential to the presentation of its cause. From our review of the record, neither exemption was shown. FOM's counsel never designated any of the shareholders as its representative[1]; nor did he provide a reason why their presence was essential to the management of FOM's case.

The sequestration or exclusion of witnesses is employed to expose inconsistencies in their testimonies and to prevent the possibility of one witness's shaping his or her testimony to match that given by other witnesses at trial. In the instant case, four FOM shareholders' interests were not only antagonistic to those of appellant; they also conflicted with two other FOM shareholders' interests as well. For example, these four shareholders wished to purchase the building in question and had obtained a loan commitment to do so. Meanwhile, two other shareholders' (Mr. and Mrs. Cisnes') efforts to remove their names off a bank indebtedness — apparently involving FOM — depended upon FOM's accepting appellant's offer to purchase the building.

Appellant and Mrs. Cisne testified that appellant offered $65,000 for the building, and this sale amount was *not* due the day after FOM accepted the offer. To the contrary, five FOM shareholders (including the four who wanted to purchase the building) each testified consistently that they understood appellant's $65,000 offer *was payable* the day after FOM accepted it. The trial judge relied on these five shareholders' testimonies when it held the appellant and FOM had no meeting of the minds and concluded no agreement was reached. Whether these five shareholders' testimonies would have been the same if the trial court had sequestered them, we cannot say. However, because this

[1]Professor Weinstein relates that it is unclear whether Rule 615 permits more than one representative and suggests the trial judge should have wide discretion to allow multiple representatives. See 3 *Weinstein's Evidence,* Par. 615[02] (1982). We need not reach that question because no attempt was made to designate a representative in this cause.

cause was decided by the trial court upon the conflicting testimonies presented by each party, this case typifies the situation when the witness-exclusion rule is needed, *viz.*, to avoid the possibility of a witness's shaping his or her testimony by that given by other witnesses. In sum, the trial court failed to exclude FOM's witnesses, as required under Rule 615, and because we are unable to say the court's error was harmless, we must reverse and remand this cause for a new trial.

Since this cause is remanded for another trial, it is necessary to consider appellant's second point for reversal. Prior to this chancery court lawsuit, FOM brought an unlawful detainer action in circuit court against appellant for his nonpayment of rent. After the chancery suit was filed, the parties agreed to certain matters in the circuit case, pending a full trial of the issues in chancery. This agreement was reduced to an order and largely dealt with appellant's responsibilities under the parties' oral rental agreement pending the chancery trial. Among other things, they agreed that *appellant maintained* that the $2,000 check tendered was a down payment for the purchase of the building and that he was not by contract required to pay rent for the months of August, 1982, and thereafter. They further agreed that *FOM's position* was that the $2,000 was being credited as back rent for the months of August, 1982, and thereafter. Upon reaching his decision, the chancellor construed the circuit court's agreed-order as a ruling on the dispositon of the $2,000 earnest payment, finding the circuit court applied the $2,000 to accrued rental arrearages owed by appellant. The chancellor held that order was binding on the chancery proceeding, and that he could not reconsider any issue dealing with the disposition of the $2,000. We cannot agree. The circuit court order merely contains the parties' respective *contentions* concerning the appellant's $2,000 payment, and the chancery court is in no way prevented from considering any issues surrounding that payment in its re-trial of this cause.

Reversed and remanded.

CORBIN and MAYFIELD, JJ., agree.