Everett L. KING *v.* STATE of Arkansas

CR 94-1205                                   907 S.W.2d 127

Supreme Court of Arkansas
Opinion delivered October 9, 1995

52

*John R. Hudson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Senior Appellate Advocate, for appellee.

DONALD L. CORBIN, Justice. On direct appeal, this court affirmed the convictions in the Washington County Circuit Court

of appellant, Everett L. King, for possession of a controlled substance with intent to deliver and delivery of a controlled substance. *King* v. *State*, 314 Ark. 205, 862 S.W.2d 229 (1993). Appellant now appeals the trial court's order entered on August 10, 1994 denying his petition for post-conviction relief filed pursuant to A.R.Cr.P. Rule 37. Jurisdiction of this case is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(5).

At the commencement of the hearing on the petition, appellant requested that Joel Huggins, appellant's former trial counsel who was present at the hearing simply as a witness, be excused from the courtroom in accordance with A.R.E. Rule 615. Huggins's representation of appellant at trial on the drug charges was the subject of the numerous ineffective assistance of counsel claims raised in the Rule 37 petition. The trial court, however, permitted Huggins to remain in the courtroom on the ground that he "might be considered a party[.]" Appellant then took the stand as the first witness and was followed on the witness stand, in order, by Rebecca Anderson, Larry Walker, Huggins and Dana Watson; Huggins was then recalled as the final witness. Each witness presented testimony relevant to appellant's ineffective assistance of counsel claims.

■■ Appellant argues the trial court erred in refusing to exclude Huggins from the courtroom and asks this court to grant him a new Rule 37 hearing. Rule 615 provides as follows:

> Exclusion of witnesses. — At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

Rule 615 uses the word "shall" and, as this court has stated, it must be construed to be mandatory. *Chambers* v. *State*, 264 Ark. 279, 571 S.W.2d 79 (1978). Huggins did not become a party to the action by virtue of his status as appellant's former trial counsel. *Maddox* v. *State*, 283 Ark. 321, 675 S.W.2d 832 (1984); *Chambers*, 264 Ark. 279, 571 S.W.2d 79. No argument is pre-

sented and the record does not reflect that Huggins was qualified to remain in the courtroom pursuant to either of the other exceptions enumerated in Rule 615. Therefore the trial court's ruling was erroneous and Huggins should have been excluded. *Maddox*, 283 Ark. 321, 675 S.W.2d 832; *Chambers*, 264 Ark. 279, 571 S.W.2d 79.

■    The state argues that appellant is procedurally barred from raising this issue by his failure to raise an objection before the trial court to its refusal to exclude Huggins. We are not persuaded by this argument. Appellant's invocation of his mandatory right to exclude Huggins pursuant to Rule 615 sufficed to bring this issue to the attention of the trial court.

In the *Chambers* and *Maddox* decisions, this court specifically ruled upon identical procedural errors under Rule 615, then proceeded to reach differing dispositions of those cases after addressing each appellant's Rule 37 ineffective assistance of counsel claims. In *Chambers*, where we held the petitioner proved ineffective assistance of counsel, we reversed the denial of the Rule 37 petition and remanded the case for further proceedings. Six years later, in *Maddox*, where we held the ineffective assistance of counsel claim was neither proved nor a proper Rule 37 issue, we affirmed the denial of the petition.

In *Maddox*, we cited *Allen* v. *State*, 277 Ark. 380, 641 S.W.2d 710 (1982), *cert. denied*, 472 U.S. 1019 (1985), for the proposition that we have generally held such erroneous procedure goes only to the witness's credibility. After reviewing *Allen* and the cases cited therein, we observe today that, with one exception, the sequestration issue in each case arose when a witness violated Rule 615 after having been excluded by the trial court; in the exceptional case referred to, the trial court refused to exclude the proffered witness or to permit his testimony. *Allen* and the cases cited therein, therefore, are factually distinguishable from the present case in which the trial court itself violated Rule 615, *ab initio*, by denying appellant's mandatory right to exclude Huggins and by permitting Huggins to testify.

■    The purpose of Rule 615, which is the same as the federal rule, can best be learned by studying the recommendations made to Congress. *Gustafson* v. *State*, 267 Ark. 278, 590 S.W.2d 853 (1979). The Original Advisory Committee's Note on

Rule 615 provided in pertinent part as follows: "The efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion. 6 Wigmore §§ 1837-1838." 3 Jack B. Weinstein et al., *Weinstein's Evidence* 615-3 (1995). Said another way, Rule 615 is employed to expose inconsistencies in the testimonies of different witnesses and "to prevent the possibility of one witness's shaping his or her testimony to match that given by other witnesses at trial." *Fite* v. *Friends of Mayflower, Inc.*, 13 Ark. App. 213, 215, 682 S.W.2d 457, 458 (1985). This court has held that Rule 615 is considered as effective as cross-examination in serving the court to garner the truth and should not be easily circumvented. *Gustafson*, 267 Ark. 278, 590 S.W.2d 853.

The present case particularly illustrates the need for Rule 615. Prior to taking the stand initially, Huggins heard the testimonies of appellant, Anderson and Walker, the three witnesses who preceded him. Prior to taking the stand as a recalled witness, Huggins heard the testimony of Watson, the only witness who was called after Huggins's initial testimony was given.

Among his numerous allegations of ineffective assistance, appellant alleged Huggins was ineffective for failing to call Walker as a trial witness. At the hearing, Walker testified that he was at appellant's residence on the day of appellant's arrest on the drug charges, and saw the police informant purchase drugs from another person and not from appellant. Walker testified he was interviewed by Huggins prior to appellant's trial, was present at the trial and ready to testify, but was told by Huggins that he would not be needed.

Huggins then took the stand at the hearing and testified that Walker's testimony was different from the statement Walker had given Huggins in their pretrial interview. Huggins testified that Walker's pretrial statement was that he saw the police informant and appellant go into another room in appellant's residence, where they had remained for a short time. Huggins testified Walker's pretrial statement was consistent with the prosecution's evidence of the drug sale. Huggins testified he chose not to call Walker because he felt Walker's testimony would be damaging and because Huggins's trial strategy, in part, was to argue that Walker was present at appellant's residence and could have participated

in the drug sale, without calling Walker to the stand where Walker could deny participation. Huggins testified he would have called Walker to testify if Walker's pretrial statement had been consistent with Walker's testimony at the hearing.

No other evidence was introduced at the hearing with respect to the ineffective assistance claim concerning Walker. In its order denying the Rule 37 petition, the trial court held Walker's testimony presented no evidence that could have assisted appellant in his defense at trial, and ruled Huggins was not ineffective for failing to call Walker.

■ To the extent the trial court based its denial of the Rule 37 petition upon conflicting testimonies presented by Huggins *viz.* the other witnesses at the hearing, appellant has demonstrated prejudice as a result of the trial court's Rule 615 error. Appellant's request for a new Rule 37 hearing is granted. In light of the taint cast upon the evidence presented at the hearing, we do not address appellant's remaining arguments regarding the trial court's rulings on his ineffective assistance of counsel claims for reversal of his convictions.

■ In *Maddox*, we stated that, as a practical matter, a rehearing would be a useless gesture, and therefore held the trial court's Rule 615 error was not prejudicial under the particular circumstances of that case. In so ruling, we did not address the nature of the testimony, if any, given by Maddox's former trial counsel at the Rule 37 hearing or its effect upon the trial court's decision. To the extent it conflicts with our decision today, *Maddox* is overruled.

The order denying the petition is reversed and the case remanded for further proceedings in accordance with this opinion.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. As is becoming much too commonplace, this court again overrules another of its precedents — *Maddox v. State*, 283 Ark. 321, 675 S.W.2d 832 (1984). In overruling *Maddox*, the majority court reverses and remands this case for another proceeding which is clearly a total waste of everyone's time.

The situation in *Maddox* is identical to the one here — the

trial court ruled that the defendant's former trial counsel, who was alleged to have been ineffective, could remain in the courtroom during the Rule 37 proceeding. Like the case at hand, the defendant appealed, arguing the trial court committed prejudicial error. The *Maddox* court disagreed and gave the following reasoning:

> We next discuss the error by the court in allowing the trial counsel to remain in the courtroom during the Rule 37 proceedings. In an ineffective assistance claim the trial attorney does not become a party to the action. He should have been excluded from the courtroom during the testimony pursuant to the Rule 37 petition. We specifically ruled upon this issue as early as the case of *Chambers* v. *State*, 264 Ark. 279, 571 S.W.2d 79 (1978). We have generally held that such illegal procedure goes only to the credibility of the witness. *Allen* v. *State*, 277 Ark. 380, 641 S.W.2d 710 (1982). Although it was clearly erroneous for the court to fail to exclude the trial counsel from the hearing the matter was heard before the court without a jury. As a practical matter a retrial would be a useless gesture in this case. Therefore, we hold that under the particular circumstances of this case the error was not prejudicial.

Like in *Maddox*, King can show no prejudice, even if it was trial court error under A.R.E. Rule 615 to allow his former defense counsel to remain present during the Rule 37 proceeding. Here, as is generally true in these matters, the trial judge conducting the Rule 37 proceeding is the same judge who had presided over the defendant's earlier trial. *King* v. *State*, 314 Ark. 205, 862 S.W.2d 22 (1993). That judge, David Burnett, was well aware at King's trial that King had a change in attorneys and King wanted a continuance which was denied. Judge Burnett knew King had changed the nature of his defense shortly before trial, and requested a subpoena for an additional witness. The judge stated that, although defense counsel had known of that new witness's identity for some time, the judge still issued the subpoena. At trial, King also complained, unsuccessfully, concerning an absent witness.

Common sense tells me that Judge Burnett had sufficient background knowledge of King, his former trial counsel and the various trial strategies offered by both to permit him to hear and

decide King's Rule 37 petition, irrespective of King's former counsel's presence during the hearing. Nonetheless, this court is sending this case back to the judge so he can hear and decide this matter yet again. Forgive me if I predict Judge Burnett's decision will be the same. Even so, I am sure new counsel, defenses and strategies will be offered, and this court will get another appeal. If this court followed its precedent in *Maddox* and the rationale therein, it would affirm this case in this appeal.

Here, the majority court should be reminded of a fundamental rule that, where a principle of law has become settled by prior decisions, it is *binding* on the courts and should be followed in similar cases. This rule is referred to as *stare decisis*. If precedent is erroneous or is no longer valid, I would not hesitate to overrule it. That is not the case here.

For the foregoing reasons, I respectfully dissent.