Troy Lee MAYO v. STATE of Arkansas

CR 95-802                                    920 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered May 6, 1996

*Lewellen & Associates,* by: *Roy C. Lewellen,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Troy Lee Mayo, appeals the order of the Monroe County Circuit Court sentencing him to forty years' imprisonment, following a jury's verdict of guilty on the charges of rape, robbery, and first-degree battery. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(2).

Appellant raises two points for reversal of the judgment and sentence: First, that a criminal defendant is not required under the Equal Protection Clause of the United States Constitution to follow the ruling of *Batson* v. *Kentucky,* 476 U.S. 79 (1986), in exercising peremptory challenges of jurors; and second, that the trial court erred in finding that appellant did not articulate non-discriminatory reasons for exercising its peremptory challenges in response to the state's objection.

As to appellant's first point, we do not reach the merits as the issue was not properly preserved below nor was it argued to the trial court. We have repeatedly held that this court will not address arguments, even constitutional arguments, raised for the first time on appeal. *Wetherington* v. *State,* 319 Ark. 37, 889 S.W.2d 34 (1994). However, even if this point had been properly preserved for appeal, we are persuaded that the argument is without merit, in light of the United States Supreme Court's ruling in *Georgia* v. *McCollum,* 505 U.S. 42 (1992), which held that, "the Constitution prohibits *a criminal defendant* from engaging in purposeful discrimination on the ground of race in the exercise of peremptory challenges." *Id.* at 59 (emphasis added). As to appellant's second point, again, we do not

reach the merits as the abstract of the record is flagrantly deficient, due to the fact that critical portions of the record necessary for review of this issue are omitted. Accordingly, we affirm the judgment of conviction.

From the abstract provided, we can ascertain that appellant had used five peremptory challenges to strike white jurors and that the state had objected to these strikes as being racially-based in contravention of the ruling in *Batson*. After hearing the state's objection, the trial court found that as to four of the five jurors it was not "immediately obvious" that the appellant may have had a "non-racial," or racially neutral, reason for striking them. The trial court then required appellant's counsel to explain why he had struck the remaining four jurors.

As to two of the four jurors, Mr. Davis and Ms. Hickman, appellant's counsel stated that he had peremptorily challenged them because they were nonresponsive, both verbally and physically, to some of the questions posed by him. Appellant's counsel then explained to the trial court that he had chosen to strike the third juror, Ms. Nash, because she was a beautician, and he felt that her exposure in the community would make her more likely to know something about the case, or to have heard about the case. Finally, with regard to the fourth juror, Ms. Porter, appellant's counsel stated that he was concerned with the fact that she was a pharmacist by profession and that because her work was some distance away in Little Rock, she may not have the ability to pay attention at trial.

After hearing the explanations provided by appellant's counsel, the trial court announced that it was not convinced there were "non-racial" reasons for striking Mr. Davis and Ms. Hickman, and thus, the court seated them on the jury, over the appellant's objection. With regard to Ms. Nash, the beautician, the trial court accepted appellant's counsel's explanation for striking her and denied the state's motion. Lastly, concerning Ms. Porter, the trial court noted that although she was a pharmacist, she was no more medically knowledgeable than a nurse (who presumably had been selected as a juror, although the abstract does not reveal this), and that there had been nothing to indicate that she was so concerned about her job in Little Rock that she could not maintain attention at trial. The trial court ultimately found that appellant's counsel had not provided a "non-racial" explanation for striking Ms. Porter, and she, too, was seated on the jury.

■ As to the *Batson* argument made by appellant, we have been provided very little information with which to reach the merits of the issue. Pursuant to Ark. Sup. Ct. R. 4-2(a)(6), an appellant's abstract should consist of an impartial condensation of "*only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record *as are necessary to an understanding of all questions presented to the Court for decision.*" (Emphasis added.) In the event this court finds an abstract to be "flagrantly deficient," Ark. Sup. Ct. R. 4-2(b)(2) provides that the judgment below may be affirmed for noncompliance with the Rule. We find the abstract submitted in this case to be flagrantly deficient, as it fails to provide the documents or materials necessary to an understanding of the issue presented.

Specifically, this abstract sinks to the level of being flagrantly deficient in that it does not contain those documents which are the bare essentials of an abstract, such as the information, the judgment and commitment order, and the notice of appeal. Particularly, as to the *Batson* issue, the abstract does not provide the final composition of the jury which heard the case, the number of white persons who sat on the jury, the total number of white persons in the jury venire, or the total number of peremptory strikes exercised by the appellant. Furthermore, the abstract does not provide the relevant colloquy between appellant's counsel and each of the aforementioned jurors during the *voir dire* proceeding, nor does it even state for certain that the appellant is not white — we are only to assume that fact. Moreover, it is only from the supplemental abstract provided in appellee's brief that we are informed the trial court reimbursed appellant with three additional peremptory strikes to make up for the three jurors the court had seated over his objection. Due to appellant's failure to include this necessary information in his abstract, we are unable to determine whether the trial court erred in seating the three white jurors over the appellant's objection.

■ We do not presume error simply because an appeal is made. It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987). We have repeatedly held that as there are seven justices on this court, it is virtually impossible for all seven to read the one record filed with the appeal. *See, e.g., Coney* v. *State*, 319 Ark. 709,

894 S.W.2d 583 (1995); *Franklin v. State*, 318 Ark. 99, 884 S.W.2d 246 (1994); *Watson v. State*, 313 Ark. 304, 854 S.W.2d 332 (1993). Due to appellant's failure to adequately abstract the record as to the *Batson* issue raised in his brief, we find that the record is insufficient to demonstrate error. *See, e.g., Grinning v. City of Pine Bluff*, 322 Ark. 45, 907 S.W.2d 690 (1995); *Sims v. State*, 320 Ark. 528, 900 S.W.2d 508 (1995); *Acklin v. State*, 319 Ark. 363, 896 S.W.2d 423 (1995). We hold that appellant's abstract is flagrantly deficient in violation of Ark. Sup. Ct. R. 4-2(a)(6), and we affirm the judgment of conviction.

Affirmed.

DUDLEY, J., not participating.