Everett L. KING *v.* STATE of Arkansas

CR 96-165                                         925 S.W.2d 159

Supreme Court of Arkansas
Opinion delivered July 8, 1996

*John R. Hudson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen., Sr. Appellate Advocate, for appellee.

ANDREE LAYTON ROAF, Justice. Everett L. King was convicted of possession of a controlled substance with intent to deliver and delivery of a controlled substance. He was sentenced to 36 years imprisonment. This court previously affirmed that conviction on direct appeal. *King v. State,* 314 Ark. 205, 862 S.W.2d 229 (1993). However, we reversed the denial of King's subsequent Rule 37 petition challenging his sentence. We held that the trial court erred in allowing King's former counsel to remain in the courtroom throughout the Rule 37 hearing after King had invoked A.R.E. Rule 615; King had alleged numerous ineffective assistance of counsel claims. We specifically stated that King was entitled to a new Rule 37 hearing. *King v. State,* 322 Ark. 51, 907 S.W.2d 127 (1995). On remand, the trial court again denied King's petition. King appeals from this second denial of his Rule 37 petition.

King argues on appeal that: (1) the trial court erred by entering the order summarily denying his petition without conducting a new Rule 37 hearing as directed by this court; (2) the trial court was without jurisdiction to enter this order because he was outside of Washington County when he prepared the order; and (3) the criminal justice coordinator erred in refusing to permit King's request for a writ of mandamus to be considered by this court. We hold that King's abstract is flagrantly deficient in violation of Ark. Sup. Ct. R. 4-2(a)(6), and we affirm.

The following is a verbatim reproduction of the abstract submitted by King's counsel:

MANDATE
(Tr. 3)
SUPREME COURT OF ARKANSAS OPINION
(Tr. 4-9)
CERTIFICATION OF CLERK
(Tr. 10)
TRIAL COURT ORDER
(Tr. 11-12)

LETTER FROM SUPREME COURT COORDINATOR
DENYING PETITIONER'S REQUEST FOR
WRIT OF MANDAMUS
(Tr. 13)
NOTICE OF APPEAL AND DESIGNATION OF RECORD
(Tr. 14)
CERTIFICATE OF SERVICE
(Tr. 15)
CERTIFICATE OF COURT REPORTER
(Tr. 16)
CERTIFICATE OF CIRCUIT CLERK
(Tr. 17)

■ We have often held that a summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *D. Hawkins, Inc.* v. *Schumacher*, 322 Ark. 437, 909 S.W.2d 640 (1995). This court does not presume error simply because an appeal is made. *Mayo* v. *State*, 324 Ark. 322, 920 S.W.2d 843 (1996). It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted. *Midgett* v. *State*, 316 Ark. 553, 873 S.W.2d 165 (1994). The reason underlying our abstracting rule is basic — there is only one transcript, there are seven judges on this court, and it is impossible for each of the seven judges to examine the one transcript. *Bunn* v. *State*, 320 Ark. 516, 898 S.W.2d 450 (1995). We will not explore the record for prejudicial error, except in death or life-imprisonment cases where a motion, objection, or request on the point at issue was made before the trial judge. *Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993).

■ King's failure to abstract the order appealed from and other critical documents precludes this court from considering issues concerning them. *Jackson* v. *State*, 316 Ark. 509, 872 S.W.2d 400 (1994).

Affirmed.

DUDLEY, J., not participating.