Charles B. STANLEY *v.* STATE of Arkansas

CR 97-639                                              956 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered December 4, 1997

*Alvin Schay,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Charles B. Stanley brings this appeal from his conviction of theft of property and a sentence of forty years' imprisonment. His sole point for reversal is that the trial court erred in denying his motion to suppress evidence.

The pertinent facts began on December 30, 1992, when Officer Bob Paxton stopped a red 1979 Ford Thunderbird vehicle for a traffic violation in DeWitt. Charles Stanley was a passenger, and his brother, Lawrence Stanley, was the driver. During the stop, Paxton saw two large speakers in the back seat of the car, and he also observed a yellow flashlight, boxes of tools, and other small items. Paxton, who had knowledge of some prior residential and church burglaries involving stolen speakers and tools, sought a warrant to search the vehicle after having it impounded. Apparently Paxton and Patrolman Jim Miller prepared an affidavit and search warrant, and Miller appeared before the DeWitt Municipal Judge. The affidavit reflects that Patrolman Miller had been sworn by the municipal judge, and Miller averred that the impounded 1979 Ford Thunderbird was owned by Elizabeth Ann Hill, and that it concealed certain property. Miller further said that the facts tended to establish the grounds for issuance of a search warrant. It is this affidavit that Charles challenged below, and now on appeal, as being deficient because it failed to provide any facts to show reasonable cause existed for the issuance of a search warrant.[1]

Charles's argument is meritless for two reasons. First, he has failed to abstract the order showing that the trial court denied his motion to suppress. An appellant's failure to abstract the order appealed from and other critical documents precludes this court from considering issues concerning them. *King v. State*, 325 Ark. 313, 925 S.W.2d 159 (1996).

Second, Charles had no standing to challenge the vehicle's search because he had no property or possessory interest in

---

[1] The record reflects that, in addition to the affidavit, the municipal judge had recorded Miller's oral testimony bearing on facts and reasons for Miller's seeking a search warrant, but the tape was missing and most likely had been erased.

the 1979 Ford Thunderbird. An appellant must have standing to challenge a search on Fourth Amendment grounds because the rights secured by the Fourth Amendment are personal in nature. *Dixon v. State*, 327 Ark. 105, 937 S.W.2d 642 (1997) [citing *Rakas v. Illinios*, 439 U.S. 128 (1978)]. Whether an appellant has standing depends on whether he manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as reasonable. *Id.* Here, Stanley bore the burden of proving that he had a legitimate expectation of privacy in the car, and he failed to meet that burden.

■ This court has repeatedly held that a defendant has no standing to question the search of a vehicle owned by another person. *State v. Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992). In order to establish a legitimate expectation of privacy in an automobile owned by another person, a defendant must show that he gained possession of the vehicle from the owner or from someone who had authority to grant possession. *Littlepage v. State.* 314 Ark. 361, 863 S.W.2d 276 (1993).

■ Here, it was undisputed that, at the time the search warrant was issued, Elizabeth Hill, Charles's mother, owned the vehicle, and Charles was only a passenger when the vehicle was stopped by Officer Paxton. Because Charles had neither a property interest nor a possessory one, he had no legitimate expectation of privacy in the vehicle. *Koonce v. State*, 269 Ark. 96, 598 S.W.2d 741 (1980). Accordingly, he failed to establish that he had standing to object to the vehicle search.

For the foregoing reasons, the trial court's decision is affirmed.