Patricia Louise FINCH *v.* STATE of Arkansas

CR 97-306                                            984 S.W.2d 360

Supreme Court of Arkansas
Opinion delivered November 19, 1998

*Clark Law Firm*, by: *David S. Clinger*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

P ER CURIAM. The appellant, Patricia Louise Finch, pleaded guilty to five counts of delivery of a controlled substance and one count of theft of property. She was sentenced to thirty years in the Arkansas Department of Correction, with five years suspended. This appeal is from the denial of her petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. We reverse and remand the case for a new hearing.

After her arrest in 1995, Finch was charged with four counts of delivery of a controlled substance and one count of theft. Finch was originally represented by the public defender, who conveyed to her the State's offer of twenty years in exchange for a plea of guilty. According to her testimony at the postconviction hearing, Finch thought she could obtain a more favorable offer through retained counsel. Consequently, she dismissed the public defender and retained the services of Bruce Bennett.

Finch was released on bond as the plea negotiations continued. During that time, she was arrested and charged with the fifth delivery of a controlled substance offense, she left in violation of the terms of her bond, and she tested positive for drug use. The terms of the State's plea offer subsequently changed from twenty to thirty years, and Mr. Bennett was thereafter only able to negotiate a suspension of five years of the thirty-year sentence. Ms. Finch accepted the offer on the day her case was set for trial.

In her petition for postconviction relief, Finch alleged that her guilty plea was not voluntary because she did not receive effective assistance of counsel prior to entering her guilty plea. She alleged that she did not learn about the State's final plea offer until the day her case was set for trial, and that her attorney, at that

time, was unprepared to go to trial if she decided to reject the plea arrangement. Consequently, Finch claimed that her attorney coerced her into accepting an excessive sentence through the plea arrangement.

In addition to her petition for relief pursuant to Rule 37, Finch also petitioned for a reduction of her sentence. In that petition, she alleged that her attorney did not bring mitigating circumstances to the prosecutor's attention as he negotiated for a plea offer. Finch also claimed that, in comparison to other defendants who were charged with the same offenses, her sentence was excessive.

The Circuit Court entered written findings of fact and conclusions of law that denied relief on all of Finch's claims. Finch now appeals that order and contends that the Circuit Court erred in denying relief on her ineffective-assistance-of-counsel claim, and that the Circuit Court erred when it denied her motion, pursuant to Rule 615 of the Arkansas Rules of Evidence, to have her trial counsel excluded from the courtroom during her testimony in the postconviction hearing. We conclude that the Circuit Court erred when it denied Finch's Rule 615 motion, and we reverse and remand the case for a new hearing.

In chambers, prior to the start of the postconviction hearing, Finch's postconviction counsel moved to exclude Bruce Bennett, Finch's counsel at the time she entered her guilty plea, from the courtroom during her testimony. The Circuit Court denied the motion on the basis that Mr. Bennett had a right to hear the allegations against him.

Finch now argues that the Circuit Court's ruling was reversible error. To support her argument, she relies on King v. State, 322 Ark. 51, 907 S.W.2d 127 (1995). In that case, King attempted to invoke Rule 615 in order to exclude his trial counsel from the courtroom while other testimony was presented during the hearing on his petition for postconviction relief. The trial court denied the motion. We concluded that the language of Rule 615 is mandatory concerning the exclusion of witnesses, and that King's trial attorney did not fall within any exception to the rule. We held, therefore, that the trial court committed reversible

error when it did not exclude King's attorney from the court-room.

During her testimony at the postconviction hearing, Finch acknowledged her guilt for the offenses and that her only interest in retaining Mr. Bennett was to obtain a better plea offer. Finch also admitted that she engaged in behavior after the conveyance of the first offer that may have jeopardized her chances for a lighter sentence.

She also insisted, however, that her understanding of her arrangement with Bennett was that he would try to obtain a lower plea offer, and if that was not possible, that her case would go to trial. According to Finch, she had that understanding despite the warnings by both of her attorneys that the State had a strong case to present against her during a trial. She stated that she decided to take the plea offer because, on the day of her trial, she did not feel that her attorney was prepared with a defense. In contrast to Finch's testimony, Mr. Bennett testified that if necessary, he could have gone to trial.

In this context, we understand Finch's ineffective-assistance-of-counsel claim to be that but for her attorney's alleged failure to prepare a defense, she would have insisted on going to trial. As such, evidence concerning the extent of Mr. Bennett's preparation for trial is crucial to the resolution of Finch's claim.

Clearly, the Circuit Court could not have denied Finch's ineffective-assistance-of-counsel claim without resolving the conflict that existed between the testimony of Finch and her attorney. The Circuit Court's denial of the claim indicates that Mr. Bennett's testimony was judged more credible.

In *King v. State*, we observed that it was evident that King was prejudiced by the trial court's failure to exclude his trial counsel from the courtroom because the denial of his petition for postconviction relief was based upon the conflicting testimony presented by his attorney. In this case, Finch was similarly prejudiced. Therefore, we must reverse and remand the case for a new hearing.

We are mindful of the State's argument that remanding this case for a new hearing would not serve any useful purpose. According to the State, the benefit of a second hearing, after the offending witness has already heard the testimony at the first hearing, would be negligible. In other words, remanding the case for a new hearing cannot "unring the bell."

While it may be true that Mr. Bennett's testimony in the hearing after remand may not change from his testimony during the first hearing, we do not believe that such a possibility renders our decision devoid of any useful purpose. Rather, we have recognized that Rule 615 is invaluable in exposing the inconsistencies in the testimonies of different witnesses and in preventing the possibility of one witness's shaping his or her testimony to match that given by other witnesses at trial. *King v. State*, 322 Ark. at 55. As such, the reliability of the outcome of postconviction proceedings depends upon uniform enforcement of the Rule, especially in cases where, as here, the determination of the petitioner's claim depends upon the resolution of conflicting testimony between witnesses for the petitioner and the attorney whose performance is questioned.

Reversed and remanded.

CORBIN, J., not participating.

GLAZE, J., dissents for the same reason set forth in his dissent in *King v. State* 322 Ark. 51, 907 S.W.2d 127 (1995).