Daniel W. JOHNSON *v.* STATE of Arkansas

CR 00-476                                      28 S.W.3d 286

Supreme Court of Arkansas
Opinion delivered October 12, 2000

*William O. James* and *Clay T. Buchanan*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Danny Johnson, was convicted of second-degree murder in the death of Michael Sammons, and sentenced to twenty years in the Arkansas Department of Correction. The sentence included a fine of $15,000.00.

He appealed to the court of appeals, contending first that the State failed to present sufficient evidence to establish the victim's identity, and second that the trial court committed error in denying his motion to suppress his statement. The court of appeals did not reach the merits of either of these points on appeal, but held that appellant's abstract did not comply with the provisions of Ark. Sup.Ct. R. 4-2, and affirmed the judgment and conviction because of a flagrantly deficient abstract.

Appellant petitioned this court for review of the court of appeals's decision and argued that the decisions of the court of appeals and this court appear to be inconsistent interpretations of our court rules. We granted review for the limited determination of whether appellant's conviction was properly affirmed for non-compliance with Ark. Sup. Ct. R. 4-2. *See Johnson v. State*, 341 Ark. 523, 17 S.W.3d 499 (2000)(*per curiam*). Appellant argues that his abstract is not flagrantly deficient, and that the court of appeals erred in affirming his case on appeal on that basis. We agree that appellant's abstract was not flagrantly deficient, reverse on that point, and return the case to the court of appeals for further consideration on the merits.

In reaching its conclusion that the case must be affirmed because of a flagrantly deficient abstract, the court of appeals found that "due to numerous errors in appellant's abstract, we are precluded from addressing his arguments on appeal and we affirm for noncompliance with Arkansas Supreme Court Rule 4-2" and cited five deficiencies. These deficiencies were that appellant: (1) failed

to abstract his notice of appeal; (2) abstracted unnecessary documents; (3) failed to abstract the trial court's ruling on his motion to suppress; (4) failed to provide a copy of his videotaped confession or to abstract the substance of the confession; and (5) failed to double space portions of his abstract.

Arkansas Supreme Court Rule 4-2 in relevant part states:

(6) *Abstract.* The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision. A document included in the Addendum pursuant to Rule 4-2(a)(8) should not be abstracted. A document, such as a will or contract, may be photocopied and attached as an exhibit to the abstract. However, the document or the necessary portions of the document must be abstracted. Mere notation such as "plaintiffs exhibit no. 4" is not sufficient. On a second or subsequent appeal, the abstract shall include a condensation of all pertinent portions of the record filed on any prior appeal. Not more than two pages of the record shall in any instance be abstracted without a page reference to the record. In the abstracting of testimony, the first person (i.e., "I") rather than the third person (i.e., "He, She") shall be used. The Clerk will refuse to accept a brief if the testimony is not abstracted in the first person or if the abstract does not contain the required references to the record. In the abstracting of depositions taken on interrogatories, requests for admissions, and the responses thereto, and interrogatories to parties and the responses thereto, the abstract of each answer must immediately follow the abstract of the question. Whenever a map, plat, photograph, or other similar exhibit, which cannot be abstracted in words, must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and attach it to the copies of the abstract filed in the Court and served upon the opposing counsel, unless this requirement is shown to be impracticable and is waived by the Court upon motion.

* * *

(3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract, the Court may treat the question when the case is submitted on its merits. If the Court finds the abstract to be flagrantly deficient, or to cause an unreasonable or

unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. If the Court considers that action to be unduly harsh, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct.

Ark. Sup. Ct. R. 4-2. We have often held that a summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *King v. State*, 325 Ark. 313, 925 S.W.2d 159 (1996). This court does not presume error simply because an appeal is made. *Id*. It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted. *Id*. We have noted that with only one record on appeal and seven justices, it is essential that the material parts of the record be abstracted. *Davis v. State*, 325 Ark. 36, 924 S.W.2d 953 (1996). We have also noted that when an abstract is so deficient that we cannot discern what happened in the trial court, we must affirm. *Id*. Additionally, we have said that as long as we can determine from a reading of the briefs and appendices material parts necessary for an understanding of the questions at issue, we will render a decision on the merits. *Carmical v. City of Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994).

■ To determine whether the court of appeals erred in holding that appellant's abstract is flagrantly deficient, it is necessary to review the deficiencies as articulated by the court of appeals. First, the court of appeals found that appellant failed to abstract the trial court's ruling on his motion to suppress. Appellant's abstract states, "The court informs counsel the motion to suppress the statement has been denied." Looking to the exact ruling by the trial court in the record it is clear that appellant properly abstracted this ruling. Specifically, the record states: "The court: Let the record reflect that the pending motion for suppression filed on behalf of the defendant has been denied." Additionally, appellant's abstract provided enough information for appellate review of the issue. We conclude that the court of appeals erred in finding that appellant's abstract was deficient on this issue.

■ Next, the court of appeals determined that appellant failed to provide a copy of his videotaped confession or to abstract the substance of the confession. The court of appeals's finding on this point is erroneous. Appellant's abstract did include a transcript of the videotaped confession which was detailed enough to allow a reviewing court to consider suppression issues on appeal. Because the videotape is transcribed in appellant's abstract, the court of appeals's finding that appellant's abstract was deficient on this point was in error.

The court of appeals also held that appellant's abstract was deficient because it included excessive information relating to "the sentencing proceedings, which were irrelevant in this case, as he alleged no sentencing error below or on appeal." In *Kirk v. State*, 270 Ark. 983, 606 S.W.2d 755 (1980), a case decided under the previous Supreme Court Rule on abstracting, we discussed the issue of including excessive information in an abstract. We held:

> Rule 9(d) of the Rules of Supreme Court requires that appellant abstract only such material parts of the record as are necessary for this court to fully understand the questions presented. In the present case, as the issues on appeal involved only a portion of the voir dire proceedings, it was wholly unnecessary for appellant to utilize over forty pages of his brief to abstract the testimony presented at trial. Stricter compliance with Rule 9(d) would result in a more efficient use of counsel's time and energy, as well as those of this court.

*Id.* However, in *Kirk*, we concluded that although the appellant included excessive material in his abstract, we did not find the abstract deficient and we reviewed the case on its merits. *Id.*

■ Turning to the case now on review, we note that appellant's abstract is forty-eight pages, and the entire record in this case is 685 pages. The "irrelevant information" to which the court of appeals refers consists of four-and-one-half pages of abstracted testimony presented to the jury during the sentencing-phases of the trial. We do not find the inclusion of four and one-half extra pages in a forty-eight-page abstract to be so excessive as to render the abstract flagrantly deficient. We do observe, as we did in *Kirk*, that stricter compliance with Ark. Sup. Ct. R. 4-2(a)(5) would have resulted in a more efficient use of counsel's time and energy, as well as that of this court.

■ The court of appeals found that appellant's abstract was flagrantly deficient because he single-spaced the portion of his abstract which contains the trial proceedings and the pretrial hearing on the motion to suppress in violation of Ark. Sup. Ct. R. 4-1. Rule 4-1(a) states in relevant part that "briefs shall be double-spaced, except for quoted material, which may be single-spaced and indented." *Id.* Rule 4-1 also states that "briefs not in compliance with this rule shall not be accepted by the clerk." Ark. Sup. Ct. R. 4-1(d). We conclude that because a significant portion of appellant's abstract was single-spaced it did not comply with Rule 4-1(a). However, we note that the proper remedy for failure to comply with Rule 4-1, as provided by that rule, was for our clerk to refuse to accept the tendering of appellant's brief when it was presented to the clerk of the court's office. Our clerk improperly allowed the single-spaced brief to be filed in violation of Rule 4-1, and we do not hold that this mistake resulting from our clerk's failure to enforce the rule should be treated as a flagrant deficiency.

Next, the court of appeals concluded that appellant's abstract was deficient because it did not include a notice of appeal. Because we have determined that appellant's abstract was not insufficient in other areas, the omission of the notice of appeal is the only remaining deficiency in appellant's abstract.

■ The clerk of the court has the responsibility of determining whether an appeal is timely filed and usually makes that determination by reviewing the notice of appeal in the record. We note that in this case a timely notice of appeal was included in the record. However, the notice of appeal was not abstracted. The issue is presented whether the failure to abstract the notice of appeal, standing alone, is a sufficient omission to render the abstract flagrantly deficient. We have held in a prior criminal case that an abstract which failed to include a notice of appeal was flagrantly deficient. In *Mayo v. State*, 324 Ark. 328, 920 S.W.2d 843 (1996), we were asked to review an appellate brief, which omitted the notice of appeal, as well as other critical portions of the record from the abstract. We wrote:

> [T]his abstract sinks to the level of being flagrantly deficient in that it does not contain those documents which are the bare essentials of an abstract, such as the information, the judgment and commitment order, and the notice of appeal. Particularly, as to the *Batson*

issue, the abstract does not provide the final composition of the jury which heard the case, the number of white persons who sat on the jury, the total number of white persons in the jury venire, or the total number of peremptory strikes exercised by the appellant. Furthermore, the abstract does not provide the relevant colloquy between appellant's counsel and each of the aforementioned jurors during the voir dire proceeding, nor does it even state for certain that the appellant is not white — we are only to assume that fact. Moreover, it is only from the supplemental abstract provided in appellee's brief that we are informed the trial court reimbursed appellant with three additional peremptory strikes to make up for the three jurors the court had seated over his objection. Due to appellant's failure to include this necessary information in his abstract, we are unable to determine whether the trial court erred in seating the three white jurors over the appellant's objection.

*Id.*

█ We note that the notice of appeal must be abstracted in a civil case because it allows the appellate court to determine whether jurisdiction is proper. However, in criminal cases the timeliness of a notice of appeal is not as essential because under well-established precedents a belated appeal may be granted where there has been a failure to file a timely appeal. We have adopted a procedure in criminal appeals that permits an attorney, who accepts fault, to file a belated appeal. *See Harkness v. State*, 264 Ark. 561 (1978). For that reason, the relevancy or materiality of a timely notice of appeal in criminal appeals is less vital. Accordingly, we overrule the language in *Mayo, supra,* that suggests that the inclusion of a notice of appeal in the abstract of a criminal appeal is essential. We hold that the omission of appellant's notice of appeal, in the circumstances of this case, does not require this abstract to be rejected as flagrantly deficient.

Because we conclude that appellant's abstract was not flagrantly deficient, we reverse the decision on that issue and return this case to the court of appeals for further disposition.